SIAS *v.* THE ROGER WILLIAMS INS. CO.

*(Circuit Court, D. New Hampshire.   June 24, 1881.)*

1. EQUITABLE RELIEF — PRINCIPAL AND AGENT — FIRE INSURANCE — MUTUAL MISTAKE.

    C., an agent for several insurance companies, was accustomed to send to S., an agent for the defendant company, such applications as his own companies rejected.   The course of business between them was for C. to forward the application to S., and, if it was accepted, S. sent C. a policy, which, upon the payment of a premium, C. delivered, and was allowed a percentage of such premium as his commission.   One such application was made by a mortgagee for the purpose of insuring his interest in the mortgage, but, through a mistake as to the law applicable to the case, the application was made to read as though it were one made by the mortgagor, payable, in case of loss, to the mortgagee.   The policy was issued containing the name of the mortgagor as the assured.   On a bill being brought by the mortgagee to reform the policy, alleging that it was issued to the mortgagor through the mistake of C., who is averred to have been the agent of the defendant; that there has been a loss and due proof thereof, and praying payment of the loss and general relief, *held*, that (1) on these facts C. was the agent of the defendant; (2) a mistake brought about by the erroneous representations as to the law in the premises, of such agent, a lawyer, while acting as agent, may be corrected in equity.

2. PRINCIPAL AND AGENT.

    The principal is bound by the knowledge of his agent obtained in the course of his employment.

*W. J. Copeland,* for complainant.

*S. D. Quarles* and *Samuel C. Eastman,* for defendant.

LOWELL, C. J.   The plaintiff, residing at Ossipee, held two mort-gages upon the house of Abram Cole, at Grafton, and applied, in January, 1874, to Buel C. Carter, of Wolfborough, to insure his interest as mortgagee.   Carter was agent for some insurance com-panies and was applied to in that character, and promised to place the risk in a good company.   He was not the agent of the defendant company, except that Rufus P. Staniels, their general agent for Concord and the vicinity, had asked him to send to him any risks which he did not place in his own companies.   This had been done in several instances before 1874, and the course of business was for Carter to forward the applications or memoranda of a risk to Staniels, and if it was accepted Staniels sent Carter a policy, which Carter delivered on payment of the premium, and was allowed 10 per cent. of the premium for his commission.

In April, 1874, in pursuance of the request of the plaintiff, Carter made out a paper, which may be considered to be an application. It is, in form, an agent's daily memorandum.   It is headed Germania "Fire Insurance Co.," and proceeds:

"Insurance is granted to Abram Cole, of Gorham, N. H., on two-story frame dwelling-house, ell and barn connected, occupied in summer season for summer boarding-house, and in winter by assured as dwelling-house, $1,500; on fur-niture therein, $500.   Situate near Gorham village, on the road to Randolph, N. H.   Payable, in case of loss, to George B. Frost, [this should be George B. Sias, and is so in the policy,] of Ossipee, as his interest may appear."

On the back are many particulars of the situation of the property, with a diagram, etc.   This paper appears to have been sent to Car-ter's correspondents in Boston and to have been rejected by them, and then to have been enclosed to Staniels, who accepted the risk and issued a policy, dated May 1, 1874, insuring Cole for two years, payable to the plaintiff as his interest should appear.   This policy he sent to Carter, who sent it to Sias.   Carter received the premium and paid it to Staniels, after deducting his commission.   Five hun-dred dollars was insured on the furniture, in which Sias had no interest.   This would seem to be a mistake of Carter's.   Sias paid the premium himself and intended to insure his own interest, and had no authority or request from Cole, the mortgagor, to insure the equity.   He called Carter's attention to the form of policy and asked him if it insured his interest and that only, and was informed by him that it did.   The buildings were destroyed by fire in July, 1875, and Sias brought an action, which was removed to and tried in this court, Judge Shepley presiding.   The company proved that Cole had

procured insurance after the date of this policy, and insisted that this act avoided it, under one of the conditions in the policy. The court ruled, for the purposes of the trial, that under the circumstances substantially here above stated, as I understand, the policy might be considered to insure the plaintiff as mortgagee, if the jury believed the facts to be as stated. A verdict was rendered for the plaintiff, which I afterwards set aside, holding that, as the policy was written, there was a breach of the condition against further insurance by the assured, because Cole was the person referred to by those words. That action is still on the docket. This bill is filed to reform the policy, alleging that it was issued to Cole by the mistake of Carter, who is averred to have been the agent of the defendants; that there has been a loss and due proof thereof. It prays payment of the loss and general relief. I understand by the argument that no claim is made for the loss of the furniture, though the bill is framed to ask for that also. The answer denies that Carter was ever the defendants' agent; denies that he ever assumed to act as such, that he ever asked for other or different insurance from what he received, or that the plaintiff himself ever asked for a different kind of policy. As to the loss and proof received, the answer is as follows:

"The defendant admits that the buildings insured by said policy were destroyed by fire on the twenty-ninth day of July, 1875, but whether without fraud or not the defendant does not know; and that Cole made a proof of loss in due form for the proof of his claim, making oath that he was entitled to recover of the defendant, which proof the defendant understands and believes was forwarded to the plaintiff and adopted by him."

There is no doubt that Carter was a sub-agent of Staniels, the general agent of the defendant company, with authority to forward applications, deliver policies, and receive the premiums. This, according to the statute law of New Hampshire, makes him the agent of the company and not of the insured in framing the application. Gen. Laws, *c.* 172, § 3.

"If any company shall issue any policy, upon an application prepared by a third person assuming to act as their agent or otherwise, they shall be affected by his knowledge of any facts relating to the property insured as if they were stated in the application."

I cite it from the General Laws for convenience, though they were compiled after the date of the policy, being a re-enactment of the former statute. The words "or otherwise" seem rather broad. I suppose they mean that, although the third person should have made no special representations of agency, he is *pro hac vice* the agent of the company rather than of the assured. Carter understood, I think,

that he was the agent of Staniels in forwarding the memorandum, and Staniels understood that he was the agent of the assured; and Sias never appointed him his agent, or supposed him to be such. He was in law and in fact the agent of the company. *Union Trust Ins. Co.* v. *Wilkinson*, 13 Wall. 222; *Ins. Co.* v. *Mahone*, 21 Wall. 152; *N. J. Life Ins. Co.* v. *Baker*, 94 U. S. 610.

There is no serious doubt that Carter and Sias made a mistake of law, and that Sias made it through the representations of Carter, who was a lawyer as well as an insurance agent. In such a case, if Carter was agent of the company, a mistake of law, brought about by his representations, may be corrected in equity. *Oliver* v. *Mutual Com. Ins. Co.* 2 Curtis, 277; *Woodbury Savings Bank* v. *Charter Oak Ins. Co.* 31 Conn. 517; *Longhurst* v. *Star Ins. Co.* 19 Iowa, 364; *Snell* v. *Ins. Co.* 98 U. S. 85.

The defendants insist that there was no mutual mistake in this case, because, though it should be admitted that Carter was their agent to make and forward applications and deliver policies and receive premiums, still the only risk which they took was that which was presented to them by the memorandum. To reform the contract would, therefore, be to make one which perhaps they never would have made. It is not like a case where the policy is issued to the right person and the company rely on some failure to make due disclosure, and are met by evidence that their agent received notice of the facts. Carter, they say, was not their agent to make the contract, and therefore not their agent to make a mistake in the substance of the contract. This argument, though forcible, assumes too barren a view of the statute and decisions which I have cited. Under them, Carter was the defendants' agent to receive the proposal, and whatever he knew is conclusively presumed to have been known by the company; therefore the company knew that the application was for insurance upon Sias' interest as mortgagee, and in issuing this policy undertook to comply with the application. To state it in another way, Carter was the agent of the defendants to complete the contract by delivery of the policy, and they are bound by his representation that the policy insures the plaintiff as mortgagee. The record contains some evidence of the loss and of the proof of loss, and I do not understand from the answer and the arguments that the merits of the case are disputed. The complainant is therefore entitled to recover the sum of $1,500 and interest.

Decree for the complainant.