A. H. McINTOSH ET ALS. v. NORTH STATE FIRE INSURANCE COMPANY.

(Filed 2 March, 1910.)

1. **Insurance, Fire—Sole and Unconditional Owner—Dower Interest.**

   One who has married a widow and has constructed a house on her dower interest in the lands of her former husband, and has had it insured in his own name under a standard policy form, may not, upon the loss of the house by fire, recover the proceeds of the policy, as he is not a sole and unconditional owner within the meaning of the terms of the policy contract.

2. **Insurance, Fire—Sole and Unconditional Owner—Equity—Reformation.**

   By a bill in equity a written policy of fire insurance may be reformed, after a loss has occurred, upon the ground that it does not express the true contract; that because of mutual mistake, or a mistake of the draftsman, the name of another was substituted for the sole and unconditional owner of the insured premises, and when this is established by the proper degree of proof, the real parties can recover under the contract.

APPEAL from *Guion, J.,* December Term. 1909, of CRAVEN.

Upon motion, the court adjudged that the complaint failed to state a cause of action against the defendant, and rendered judgment dismissing the action.

Plaintiffs, complaining of the defendant, allege:

1. That the defendant is, and was at the times hereinafter complained of, a corporation engaged in the fire insurance business in the State of North Carolina, as plaintiffs are advised, informed and believe.

2. That the plaintiff A. H. McIntosh, on 14 June, 1899, married the plaintiff Sally Ann McIntosh, who was then the widow

of C. R. Price, deceased, and that the said A. H. McIntosh and Sally Ann McIntosh were man and wife at the times hereinafter mentioned.

3. That the plaintiffs Sadie and Pearlie Price are the infant children of the said Sally Ann McIntosh and her former husband, the said C. R. Price, now deceased, and that the said Sadie and Pearlie being infants without general or testamentary guardian, the said plaintiff A. H. McIntosh was duly appointed their next friend by this court on 6 November, 1908.

4. That the said C. R. Price died intestate prior to 1899, seized in fee simple and possessed of a tract of land situate in Craven County, N. C., and described in that certain deed executed by Z. B. West and Sophia A. West, his wife, to C. R. Price, dated 28 January, 1899, and registered in the office of the Register of Deeds of Craven County, N. C., in book 99, page 413, which deed is hereby referred to and made a part of this allegation.

5. That the said Sally Ann McIntosh and her infant children, the said Sadie and Pearlie Price, are the heirs at law of the said C. R. Price, deceased.

6. That after the marriage of the said A. H. McIntosh and Sally Ann Price, the said A. H. McIntosh, at his own cost and expense, repaired, enlarged and constructed a house on said tract of land, which was used for several years, and until destroyed as hereinafter set out, as a home for himself and said wife and their little children, the said infant plaintiffs.

7. That during 1907 the plaintiff A. H. McIntosh was solicited by representatives of the defendant to insure against loss by fire the said house.

8. The plaintiff A. H. McIntosh is an unlettered man who cannot read nor write more than his own name, and that his wife and her children are uneducated people and ignorant of business matters.

9. That, finally, plaintiff A. H. McIntosh was induced by the agents of the defendant to insure in the said defendant company the said house in the sum of $500 against all direct loss or damage by fire for a period of three years from 18 July, 1907, at noon, to 18 July, 1910, at noon.

10. That at the time the contract of insurance was entered into by and between the said plaintiff and defendant on 18 July, 1907, both the plaintiff and the defendant supposed that the written policy then issued named the proper beneficiaries and payees of the amount of said insurance in case of direct loss or damage by fire, and both parties supposed and believed that the policy issued by the defendant on said property was a good and valid policy of insurance; whereas, by mistake, the said

policy named the said A. H. McIntosh as beneficiary and payee. The said policy is hereby referred to and will be produced by plaintiffs at the request of the defendant.

11. That the plaintiff A. H. McIntosh had an insurable interest in said property, and, together with the other plaintiffs, owned said property in fee simple at all times herein set forth, as plaintiffs are advised, informed and believe.

12. That a premium of $10 was paid by said plaintiff A. H. McIntosh to said defendant in consideration for said insurance at the time said contract of insurance was entered into, and plaintiffs have performed on their part all conditions of said contract, as they are advised, informed and believe.

13. That on 2 October, 1908, said property insured as aforesaid by said defendant was totally destroyed by fire.

14. That the plaintiffs' loss thereby was not less than $1,000.

15. That the plaintiff A. H. McIntosh immediately thereafter notified the defendant of said loss, and on 23 October, 1908, furnished the defendant with proof of said loss.

16. That defendant, on 24 October, 1908, denied its liability for said loss to plaintiffs, giving as a reason therefor that the beneficiary named in said policy was not the owner of the property insured.

17. That plaintiffs are advised, informed and believe that notwithstanding that the beneficiary named in the policy had at all times mentioned an insurable interest in said property, yet the mutual mistake of plaintiff A. H. McIntosh and defendant will avoid the policy unless the same is reformed and corrected so as to make all the owners of said property beneficiaries in said policy.

18. That said mistake was not discovered until after said loss had occurred and notice of said loss had been given to the defendant.

19. That no part of said loss has been paid, and the said sum of $500 is now due plaintiffs by the defendant.

Wherefore, the plaintiffs pray judgment:

1. That the policy of insurance issued by the defendant to the plaintiff in consideration of $10 premium paid, be reformed and the mutual mistake corrected, and that all the plaintiff owners interested in said property and insurance thereon be made beneficiaries and payees in said policy.

2. That after such correction and reformation of said policy, the plaintiffs recover judgment against the defendant for the sum of $500, with interest on said sum from 24 October, 1908, till paid.

3. For the costs of this action.

McINTOSH *v.* INSURANCE COMPANY.

4. And for such other and further relief as the plaintiffs may be entitled to.  R. A. NUNN,
*Attorney for Plaintiffs.*

Plaintiffs appealed.

*W. D. McIver* and *R. A. Nunn* for plaintiffs.
*Simmons* and *Ward & Allen* for defendant.

BROWN, J.  This action appears from the complaint to be brought by A. H. McIntosh, Sadie and Pearlie Price, infants, by their next friend, A. H. McIntosh, and Sallie McIntosh, wife of A. H. McIntosh, to recover for a loss by fire upon a standard policy of insurance in which A. H. McIntosh is the sole beneficiary.

From the complaint it appears that the property belonged to C. R. Price, and at his death descended to his two daughters, the infants herein named, and that his widow has a dower interest in a portion of it.  Plaintiff A. H. McIntosh married the widow, and afterwards at his own expense "repaired, enlarged and constructed a house, on his wife's part of the land," which is the house destroyed by fire and covered by the policy of insurance.

The policy is referred to and made a part of the complaint. It is standard in form and contains the following clause: "This entire policy shall be void if the insured has concealed or misrepresented, in writing or otherwise, any material facts or circumstance covering this insurance, or the subject thereof; or if the interest of the insured in the property be not truly stated herein;  *  *  *  or if the interest of the insured be other than unconditional and sole ownership; or if the subject of insurance be a building on ground not owned by the insured in fee simple."

1. It is patent that upon the allegations of this complaint A. H. McIntosh cannot recover.  He is not an unconditional or sole owner.  In fact, he has no legal or equitable estate in the land.  *Jordan v. Insurance Co.,* 151 N. C., 340; *Weddington v. Insurance Co.,* 141 N. C., 234, 239; *Hayes v. Insurance Co.,* 132 N. C., 702; *Coggins v. Insurance Co.,* 144 N. C., 7; *Cuthbertson v. Insurance Co.,* 96 N. C., 480.

2. But it may be that as to the other plaintiffs the complaint is a defective statement of a good cause of action, and that it may be made plain by amendment.  A bill in equity may be entertained to reform a written policy of insurance after the loss has occurred, upon the ground that it does not express the true contract entered into because of mutual mistake or a mistake of the draftsman.  *Snell v. Insurance Co.,* 98 U. S., 25.

There is nothing sacred about an insurance policy which exempts it from reformation under the same equitable doctrine applied to all other written contracts.

In *Henkle v. Insurance Co.,* 1 Ves., case 156, p. 318, the bill sought to reform a written policy after loss had actually happened, upon the ground that it did not express the intent of the contracting parties. *Lord Hardwicke* said: "No doubt but this Court has jurisdiction to relieve in respect of a plain mistake in contracts in writing as well as against frauds in contracts, so that if reduced to writing contrary to the intent of the parties, on proper proof, it would be rectified."

If the plaintiffs can establish by the proper degree of proof that this contract of insurance was made for the benefit of the wife and the two infants, who are the owners of the property, and that by mutual mistake, or the error of the draftsman, A. H. McIntosh was erroneously made the beneficiary therein, instead of the other plaintiffs, they will have made out a cause of action which will entitle them to a reformation of the written policy.

The cause is remanded, to the end that the plaintiffs be allowed to file another complaint. The plaintiffs will be taxed with costs of this Court. The judgment of the Superior Court is modified and

Affirmed.