FRANK H. STANLEY *vs.* FIREMAN'S INSURANCE COMPANY.

OCTOBER 10, 1912.

PRESENT: Dubois, C. J., Johnson, Parkhurst, Sweetland, and Vincent, JJ.

(1)   *Fire Insurance Contracts.   Reforming Contract.   Parol Evidence.*

Plaintiff alleged that a policy of insurance which was issued in his individual name, was in fact procured for the benefit of himself as administrator and of another person who was heir-at-law of the deceased and that the agent of the defendant who wrote the policy agreed that it should cover such interests.   On demurrer:—

*Held*, that to permit the introduction of parol evidence to show such an agreement, would be founding a right of action on a parol variation of a written contract, and would be an attempt to reform a written contract in an action at law.

(2)   *Fire Insurance.   Parties to Contract.*

A policy made in the name of one person cannot protect the interest of another, unless it contains words indicating that it is the intention that the interest of the other person be covered.

(3)   *Fire Insurance.   Parties to Contract.*

One who is not named in a policy, and whose existence is not even suggested therein cannot by parol evidence make himself a party to the contract.

ASSUMPSIT.   Heard on exceptions of plaintiff to action of Superior Court in sustaining demurrer to declaration, and exceptions overruled.

VINCENT, J.   This is an action of assumpsit brought to recover the amount due under a policy of insurance issued

by the defendant company to the plaintiff. The case is now before the court on exceptions to the decision of the Superior Court sustaining the defendant's demurrer to the plaintiff's second amended declaration.

The plaintiff's declaration, as finally amended, contains among others, the following allegations.

That the plaintiff was duly appointed administrator upon the estate of his wife, Sarah E. Stanley; that he filed his petition in the probate court setting forth that the personal estate of the decedent was insufficient to pay debts and expenses of administration and praying that he, as administrator, might be authorized and empowered to take possession of her real estate, with power to lease, etc.; that he was so authorized and empowered, took possession of said real estate and received the income thereof. That as such administrator he had an insurable interest in said property and that Roger R. Ramsey, the father and heir-at-law of said Sarah E. Stanley, also had an insurable interest therein; that a policy was duly issued to and the premium thereon paid by the plaintiff. That the policy was issued to the plaintiff in his individual name, and that in effecting such insurance he was acting in his capacity as administrator and as agent for Roger R. Ramsey, the heir-at-law of Sarah E. Stanley, and that the defendant through its agent, Arthur O'Leary, who negotiated said insurance and wrote said policy, knew and agreed that said policy was intended to cover, and agreed that it should cover the plaintiff's interest as administrator of said estate and also the interest of the heir-at-law in said property.

The plaintiff's declaration is in two counts, the second count being the same as the first, except that it states separately the amount of the insurable interests of the plaintiff as administrator and the heir-at-law.

To each of these counts the defendant demurred, assigning to each count the same grounds of demurrer, as follows:

"1. That said count sets forth no cause of action in behalf of the plaintiff in his capacity as administrator of the estate of Sarah E. Stanley.

"2. ˙ That said count is double in that it alleges two causes of action, namely, a contract with the plaintiff in his capacity as administrator of the estate of Sarah E. Stanley and a contract with the plaintiff as agent of the heir of Sarah E. Stanley.

"3.   Said contract sets forth a cause of action in favor of a certain person who is not a party to this action, namely, Jane A. Mills, administratrix on the estate of Roger R. Ramsey, who was heir-at-law and next of kin of Sarah E. Stanley.

"4.   That Jane A. Mills, administratrix on the estate of Roger R. Ramsey, who was heir-at-law and next of kin of Sarah E. Stanley, is not joined as a party plaintiff in this action and is a necessary party thereto.

"5.   That said count is bad in that it founds a right of action upon a parol variation of the written contract, to wit, upon an agreement between the defendant's agent on the one part and the plaintiff on the other part outside of and in variation of the policy of insurance in said count mentioned.

"6.   That said count is bad as being in effect an attempt to reform a written contract in an action at law."

(1)   The policy in question was issued to the plaintiff in his individual name, although he now alleges that it was, in fact, procured for the benefit of himself as administrator and of Roger R. Ramsey, the sole heir-at-law of Sarah E. Stanley.

The plaintiff further alleges that the agent of the defendant who negotiated the contract of insurance and wrote the policy knew that said policy was intended to cover, and agreed that it should cover, the plaintiff's interest as administrator and also the interest of the heir-at-law.

The plaintiff contends that he is entitled to offer parol testimony in support of these allegations and that upon sufficient proof of the alleged agreement and understanding, between himself and of the defendant's agent, he would have the right to recover for the loss which he has sustained as administrator and also for the loss sustained by the heir-at-law, notwithstanding the fact that the written instrument,

by its terms covers nothing more than the individual interest of the plaintiff. There can be no doubt that if it had been indicated in the policy that the same was issued for the benefit of the plaintiff as administrator and of Roger R. Ramsey, or even if the policy had contained some language indicating or suggesting other and distinct interests, that parol testimony might properly be offered to show who the parties were as well as the extent of their interests.

(2)    The general rule is that a policy made in the name of a particular person will not protect the interest of any other person, unless it contains some words which indicate that it is intended that the interest of some other person be covered. Cooley's Briefs on the law of Ins., Vol. 1, p. 787, and cases cited.

In *Higginson* v. *Dall*, 13 Mass. 96, the court in its opinion said, "the policy itself is considered to be the contract between the parties; and whatever proposals are made, or conversations had between the parties prior to the subscription, they are to be considered as waived if not inserted in the policy, or contained in a memorandum annexed to it."

In *Insurance Co.* v. *Lyman*, 15 Wall. 664, Mr. Justice Miller said, "Undoubtedly a valid verbal contract for insurance may be made, and when it is relied on, and is unembarrassed by any written contract for the same insurance, it can be proved, . . . as in all other cases where contracts may be made either by parol or in writing. But it is also true that when there is a written contract of insurance it must have the same effect as the adopted mode of expressing what the contract is, that it has in other classes of contracts, and must have the same effect in excluding parol testimony in its application to it that other written instruments have. . . . To permit the plaintiffs, therefore, to prove by parol that the contract of insurance was actually made before the loss occurred, though executed and delivered and paid for afterwards, is to contradict and vary the terms of the policy in a matter material to the contract, which we understand to be opposed to the rule on that subject in the

law of Louisiana as well as at the common law.   The doc-
trine is too well settled that all previous negotiations and
statements are merged and included in the assent to the
written instrument as expressing the agreement."

Many other authorities, to the same effect, might be cited
were it necessary to do so.

Numerous authorities recognize the admissibility of parol
testimony in explanation of the written instrument, when its
terms are incomplete or ambiguous, as for instance, where
the insurance is effected and the policy issued "for whom it
may concern," or for the "owners" of a vessel or cargo,
parol testimony may be offered to show who the parties in
interest, or the owners, are.   But none of the cases cited
(3) upon the plaintiff's brief support his contention.   None of
them go to the extent of holding that a person who is not
named in the policy and whose existence is not even sug-
gested therein can, through the aid of parol testimony, make
himself a party to the contract and obtain the benefits of its
provisions.

Take, for example, the case of *Sheppard* v. *Peabody Insur-
ance Company*, 21 W. Va. 368, upon which the plaintiff
appears to place great reliance.   This case, when carefully
examined, turns out to be one in which a policy was issued
to one John A. Sheppard, administrator on estate of Amos
Sheppard, and the question presented to the court was
whether or not, the estate being solvent, the administrator
had an insurable interest therein.

We think that the introduction of parol testimony, in ac-
cordance with the plaintiff's contention, showing circum-
stances and verbal understandings and agreements, between
the plaintiff and defendant's agent, prior to the execution
and delivery of the policy, would in effect be founding a right
of action on a parol variation of a written contract and would
be an attempt to reform a written contract in an action at
law, which under the great weight of authority he cannot
be permitted to do.   If the plaintiff desires to reform his

contract he must do so through a court of equity and not in an action at law.

The plaintiff's exceptions are overruled, and the case is remitted to the Superior Court for further proceedings not inconsistent with this opinion.

*Littlefield & Barrows,* for plaintiff.

*Mumford, Huddy & Emerson, Charles C. Mumford* of counsel, for defendant.