## GREAT AMERICAN INS. CO. v. JOHNSON et al.

Circuit Court of Appeals, Fourth Circuit.
April 10, 1928.

No. 2677.

**1. Insurance ⬤⟿608—Court erred in trying suit on fire policy, issued by mistake in name of corporation not owner of property insured, as action at law.**

District Court erred in trying suit on fire insurance policy, issued by mistake in name of corporation which was not owner of property insured, as an action at law; reformation being necessary to conform policy to true intent of parties.

**2. Insurance ⬤⟿608—Insured erroneously named in policy can sue at law thereon only if he appears as person intended to be insured.**

Rule that action at law may be maintained by insured on policy containing mere error in his name, apparent in light of extrinsic facts, applies only where he appears as person intended to be insured, and not where reformation of policy is necessary to conform it to parties' true intent.

**3. Insurance ⬤⟿156(1)—One not named as insured cannot maintain action at law on fire policy.**

An action at law cannot be maintained on a fire policy by one not named as insured thereunder.

**4. Insurance ⬤⟿376(2)—Breach of unconditional and sole ownership warranty cannot be met by parol proof of agent's knowledge of true ownership in action at law on policy providing that no agent can verbally waive terms thereof.**

Breach of warranty of insured's unconditional and sole ownership, appearing from face of complaint in action on fire policy by persons not named therein as insured, cannot be met by parol proof of insurer's agent's knowledge of true ownership, so as to permit recovery in action at law without reforming policy, where policy provides that no officer or agent of insurer can waive any terms of policy without written indorsement.

**5. Insurance ⬤⟿376(2)—Where policy provides that no agent may waive its terms verbally, agent's knowledge of true ownership of property will not be held waiver of breach of unconditional and sole ownership warranty.**

Where fire policy provides that no officer or agent of insurer shall have power to waive any of its terms, except by written indorsement, agent's knowledge of true ownership of insured property will not be held, in federal courts, to constitute waiver of breach of warranty of unconditional and sole ownership.

**6. Insurance ⬤⟿143(3)—Issuance of policy insuring corporation occupying insured building, instead of owners thereof, held result of mutual mistake, entitling owners to reformation of policy.**

Issuance and delivery of fire policy, insuring corporation occupying insured building, instead of owners thereof, pursuant to erroneous information given by employee of corporation

to agent, to whom owner applied for policy, held, result of mutual mistake, entitling owners, in equity, to reformation of policy and decree enforcing it as reformed.

**7. Courts ⬤⟿335(1)—Equitable remedies must be sought in federal courts under equity practice therein, regardless of abolition of distinction between law and equity suits in state courts.**

Equitable remedies must be sought in federal courts in accordance with practice in equity prevailing therein, without regard to practice in state courts with respect to abolishing distinction between actions at law and suits in equity.

**8. Appeal and error ⬤⟿1035—Right decision on facts will not be reversed because case was erroneously heard on law side before jury; error not being prejudicial (28 USCA § 391).**

Where the evidence is before the Circuit Court of Appeals, and it appears that the right decision was rendered on the facts, it will not be reversed merely because the case was erroneously heard on the law side of the court before a jury, instead of by the judge himself in equity, in view of Act Feb. 26, 1919, 40 Stat. 1181 (28 USCA § 391); such error not being prejudicial.

In Error to the District Court of the United States for the Northern District of West Virginia, at Elkins; William E. Baker, Judge.

Action by Raymond W. Johnson and another against the Great American Insurance Company. Judgment for plaintiffs, and defendant brings error. Affirmed.

James M. Guiher, of Clarksburg, W. Va. (Steptoe, Maxwell & Johnson, of Clarksburg, W. Va., on the brief), for plaintiff in error.

W. T. George, of Philippi, W. Va., for defendants in error.

Before PARKER and NORTHCOTT, Circuit Judges, and WEBB, District Judge.

PARKER, Circuit Judge. This suit was instituted by Raymond W. Johnson and Noah S. Parks against the Great American Insurance Company to recover on a policy of fire insurance in the sum of $3,500. There was a verdict and judgment in their favor, and the insurance company brings this writ of error. We shall refer to the parties in accordance with the positions occupied by them in the court below.

The facts are very simple. Johnson and Parks were the owners of a garage building in Philippi, W. Va. They were also the owners of practically all of the stock of the Home Auto Company, a corporation which occupied the building. On May 27, 1926, Johnson applied to Miss Lena Switzer, the agent at Philippi of the defendant company, to issue a policy on the building in favor of him-

self and Parks for $3,500, to take the place of a policy which had been canceled. Miss Switzer said that she would consider the matter, and would let Johnson know in the afternoon or deliver the policy to him. That afternoon she decided to write the policy, and called the Home Auto Company over the telephone to ask how it should be written. Johnson was absent, and an employee, Simons, answered the telephone. Knowing that insurance had been carried on automobiles in the name of the Home Auto Company, he told her that he thought it should be issued in the name of the company. Miss Switzer thereupon issued it in the name of the company, and delivered it to Simons, who placed it on Johnson's desk. It remained there unnoticed by Johnson until after the building insured was destroyed by fire on May 29th. Simons did not tell Johnson of his conversation with Miss Switzer, and Johnson did not learn that the policy had been issued in the name of the company until after the fire.

Plaintiffs instituted in their own names an action at law to recover on the policy, alleging that the contract was made with plaintiffs, and that through mistake the agent had issued the policy in the name of the Home Auto Company. Defendant demurred to the declaration on the ground that it did not state a cause of action, and that the remedy of plaintiffs, if they had remedy, was in equity. The demurrer was overruled, and defendant pleaded non assumpsit and the general issue. It also filed specifications of defense, pleading breach of the warranties as to unconditional and sole ownership, and as to the building being on land belonging to insured. On the trial defendant excepted to the refusal to exclude the evidence and direct a verdict in its behalf, and also to the admission of parol testimony as to mistake, and to certain instructions to the jury covering this phase of the case.

[1, 2] We think that the learned District Judge erred in trying the case as an action at law. A copy of the policy was attached to the declaration; and, when the provisions of the policy and the statements in the declaration are considered together, it appears that plaintiffs are not named as the parties insured by the policy, and that the corporation named as insured was not the owner of the property. It is true that an action at law may be maintained by one to whom a policy has been issued, where there has been a mere error in his name which is apparent in the light of extrinsic facts, as where the insured was named as I. J. Harvey, instead of S. J. Harvey. Harvey v. Parkersburg Ins. Co.,

37 W. Va. 272, 16 S. E. 580. But this rule applies only where such person appears as the person intended by the policy to be insured, where same is properly interpreted in the light of extrinsic facts, and not where reformation is necessary to conform it to the true intent of the parties. 26 C. J. 107.

[3-5] The mistake in the policy here was not a mere error in the name of insured. It was a mistake as to who was to be protected by it, and until it should be reformed no action at law could be maintained upon it by plaintiffs; for the rule is well settled that an action at law cannot be maintained upon a fire policy by one not named as insured thereunder. 26 C. J. 107; Stanley v. Fireman's Ins. Co., 34 R. I. 491, 84 A. 601, 42 L. R. A. (N. S.) 79; McIntosh v. North State Fire Ins. Co., 152 N. C. 50, 67 S. E. 45, 136 Am. St. Rep. 818. Furthermore until the policy should be reformed there could be no recovery under it, for it appeared from the face of the complaint that there was a breach of the warranty as to unconditional and sole ownership on the part of the insured. This could not be met by parol proof of knowledge of the true ownership on the part of the agent, for it is well settled, in the federal courts, that where, as in this case, the policy provides that no officer or agent of the company shall have power to waive any of its terms, except by written indorsement, such knowledge on the part of the agent will not be held to constitute a waiver of the breach of warranty. Northern Assurance Co. Limited v. Case (C. C. A. 4th) 12 F.(2d) 551; Fidelity-Phenix Fire Ins. Co. v. Queen City Bus Co. (C. C. A. 4th) 3 F.(2d) 784; Lumber Underwriters of New York v. Rife, 237 U. S. 605, 35 S. Ct. 717, 59 L. Ed. 1140; Northern Assurance Co. v. Grand View Building Ass'n, 183 U. S. 308, 22 S. Ct. 133, 46 L. Ed. 213. It was apparent upon the face of the complaint, therefore, that plaintiffs could not, without reforming the policy, recover upon it in an action at law.

[6] We think it is equally clear, however, that in equity plaintiffs were entitled to a reformation of the policy and to a decree enforcing it as reformed against the defendant. There can be no question that the naming of the Home Auto Company as insured in the policy, instead of plaintiffs, was the result of mutual mistake which occurred through the fault of the agent of defendant who wrote the policy. Johnson intended that the policy should be issued to himself and Parks. He applied for such a policy. Miss Switzer promised that, if she did not issue the policy, she would notify him in the after-

noon, and it is clear that he thought that the policy had been issued as applied for. Miss Switzer decided to issue the policy, and the evidence clearly shows that she intended to issue it properly in the name of the owner or owners of the property. She called Johnson's place of business to see how this should be done, and received erroneous information from an employee of the corporation, who had no authority with respect to the insurance. As a result of the information thus obtained she issued the policy to a corporation which owned no interest in the property, instead of to plaintiffs, who owned it.

There is no reason on the evidence to believe that she would not have issued it to the plaintiffs, had she not been mistaken as to the ownership, just as readily as she issued it to the corporation the stock in which was owned by them. She thought that the policy protected against fire the owner of the property. Johnson thought that the owners were protected by it. The minds of the parties met on the proposition that the defendant was to insure the owners of the property against loss by fire. That the policy as issued and delivered insured a corporation which had no interest in it was unquestionably the result of mutual mistake, due on the part of the agent of the company to the fact that she received erroneous information, on the part of Johnson to his understanding that the policy was to be issued to him and Parks, and that he was to be notified if it was not so issued. To allow the company to take advantage of such a mistake would be unconscionable, and there is no doubt that equity can and should grant relief under such circumstances. Thompson v. Phenix Ins. Co., 136 U. S. 287, 296, 10 S. Ct. 1019, 34 L. Ed. 408; Snell v. Insurance Co., 98 U. S. 85, 88, 25 L. Ed. 52; Western Assur. Co. v. Ward (C. C. A. 5th) 75 F. 338; Abraham v. North German Ins. Co. (C. C.) 40 F. 717; Fink v. Queen Ins. Co. (C. C.) 24 F. 318; Spare v. Home Mut. Ins. Co. (C. C.) 17 F. 568; Sias v. Roger Williams Ins. Co. (C. C.) 8 F. 183; McIntosh v. North State Fire Ins. Co., 152 N. C. 50, 67 S. E. 45, 136 Am. St. Rep. 818; 14 R. C. L. 902 et seq.; 26 C. J. 103 et seq.

We are not impressed with the argument that, without correcting the mistake, recovery at law should be allowed under the practice prevailing in West Virginia. For this position plaintiffs rely upon a line of West Virginia cases. We think, however, that these cases are not in point. A number of them merely decide that it is not necessary to correct in equity a policy apparently void for breach of conditions, where it can be shown

that the agent of the insurer at the time of issuing the policy had knowledge of the facts out of which the breach is said to arise. The basis of these decisions is that the issuance of the policy with knowledge of the facts is a waiver of the conditions, and that this can be shown by parol; but, as shown above, this is not the rule in the federal courts in the case of policies expressly providing that the agent is without authority to waive the conditions of the policy, except by writing indorsed thereon.

We think, also, that these cases have no application to the fundamental objection to the right of plaintiffs to sue at law, which is that they are not named as parties to the written contract which they seek to enforce. One of the cases cited, to which we have already referred (Harvey v. Parkersburg Ins. Co., 37 W. Va. 272, 16 S. E. 580), dealt with a policy where there was a mere error in the initials of the insured, which was apparent upon an interpretation in the light of extrinsic circumstances. The case principally relied on, however, is Deitz v. Insurance Co., 31 W. Va. 851, 8 S. E. 616, 13 Am. St. Rep. 909; Id., 33 W. Va. 526, 11 S. E. 50, 25 Am. St. Rep. 908. In that case there was a policy issued in the name of a husband on property belonging to his wife, for whom he was acting as agent; and the wife was allowed to recover at law, on the theory that she could sue on a contract made in her behalf by an agent, even though made in his name. That rule could have no application to a case such as this, for there is no contention that the Home Auto Company was agent for plaintiffs. We do not think, therefore, that the rule for which plaintiffs contend is supported even by the West Virginia authorities upon which they rely.

[7] But even if it were permissible under the practice in West Virginia for plaintiffs to sue at law, without first having the policy reformed in equity, we could not follow such rule in the federal courts, for to do so would be to grant equitable relief in an action at law. Whatever be the practice in the courts of the state with respect to abolishing the distinction between actions at law and suits in equity, it is well settled that the federal courts will not follow such practice, but that equitable remedies must be sought in the federal courts in accordance with the practice in equity prevailing in those courts. Lindsay v. First National Bank, 156 U. S. 485, 15 S. Ct. 472, 39 L. Ed. 505; Hurt v. Hollingsworth, 100 U. S. 100, 103, 25 L. Ed. 569; 27 R. C. L. 59.

[8] It by no means follows, however, that

the case must be reversed, because what was in substance a suit in equity was tried on the law side of the docket. It appears that the case was fully heard, and all of the evidence has been certified up to us. As stated above, we are thoroughly satisfied, from a study of it, that plaintiffs are entitled to relief in equity on the ground of mistake, and to have the policy, as reformed, enforced against the defendant. Must we, then, reverse the decision below and send the case back to the District Judge for a new trial, because he tried the case at law before a jury, instead of hearing it in equity himself? We see no proper purpose to be served by such action. The judge below of his own motion could have transferred the case to the equity docket and heard it in equity. If he had done so, and had heard it upon the evidence appearing in this record, we would have affirmed a decree for plaintiffs, and would have reversed one for defendant. Where the evidence is before us, and it appears that the right decision was rendered on the facts, shall we reverse it merely because the case was heard on the law side and before a jury? To do so, it seems to us, would be to hark back to the outworn technicalities of a day that is dead, and to ignore the provisions of the statute which enjoins us to give judgment after an examination of the record, without regard to technical errors, defects, or exceptions which do not affect the substantial rights of the parties. Act Feb. 26, 1919, c. 48, 40 Stat. 1181 (28 USCA § 391).

The distinction between law and equity has not been abolished by the recent statutes regulating procedure, and a party is entitled to have his case tried on the proper side of the docket; but the question here is not whether it was error to try an equity case as an action at law, but whether this court should hold such error to be prejudicial and award a new trial, where all of the evidence in the lower court is before us, where it appears that the case was fully developed, and where the relief obtained at law is exactly what upon the record should have been awarded in equity? We think not. In such case justice has been done, and courts exist

to do justice, not to furnish a forum for intellectual skill or prowess.

Where a case has been tried in equity which should have been tried at law, and the rights of the complaining party have been preserved by timely exceptions, a different situation is, of course, presented; for there the complaining party has been denied a right guaranteed him by the Constitution, the right of trial by jury. Where a suit in equity has been tried at law, however, no such situation is presented. No right of jury trial is involved, and on appeal the case is before a court which has the power to review the facts, as well as the law. If the case has not been properly developed in the court below, it can, of course, be remanded for the taking of additional testimony; but where, as here, it has been fully heard, we think that this court has power to dispose of it upon the record presented, and should do so. If the decision of the lower court in such case accords with what we deem the rights of the parties in equity, the error in trying the case at law should be treated as harmless, and the judgment affirmed. Liberty Oil Co. v. Condon Bank, 260 U. S. 235, 43 S. Ct. 118, 67 L. Ed. 232; Fidelity & Casualty Co. v. Glenn (C. C. A. 4th) 3 F. (2d) 913, 915; National Surety Co. v. County Board of Education (C. C. A. 4th) 15 F. (2d) 993; C. L. Williams, Receiver, v. Mary Foy Stone, Guardian (C. C . A. 4th) 25 F. (2d) 588, decided this day.

What was said by Judge Waddill, speaking for this court in the case of Fidelity & Casualty Co. v. Glenn, supra, is peculiarly applicable here. Said he: "Where the only effect of holding that a case tried at law should have been disposed of in equity would be to send the same back to be transferred to the equity side, and heard over again by the same judge, upon probably the same testimony, this court should be reluctant to adopt such course, and [ought] not to do so unless the circumstances of the case made the same necessary to prevent a manifest miscarriage of justice."

For the reasons stated, the decision of the court below is affirmed.

Affirmed.