## WILLIAMS v. STONE.

Circuit Court of Appeals, Fourth Circuit.
April 10, 1928.

No. 2670.

1. Trial ⟨⟩139(1), 140(1)—Weight of testimony and credibility of witnesses is for jury.

Weight of the testimony and credibility of witnesses is for the jury.

2. Trusts ⟨⟩89(2)—Evidence held to sustain verdict that money loaned belonged to ward's estate, not to bank to which mortgage was executed.

Evidence held, to sustain verdict of jury finding that money borrowed by ·plaintiff guardian from bank on note and mortgage belonged to her ward's estate, and was lent to her as part of such estate, though mortgage was payable to bank as such, and not as guardian, and plaintiff was therefore entitled to have trust imposed on note in favor of her ward, as against motion of bank's receiver to set aside the verdict.

3. Action ⟨⟩22—Action to impress trust on note in possession of bank's receiver in favor of estate of plaintiff's ward is purely equitable.

Action having for its object to impress on note held by bank's receiver a trust in favor of the estate of plaintiff's ward is purely equitable, and should have been tried as a suit in equity, intead of as an action at law.

4. Appeal and error ⟨⟩1000—Judgment in equitable action tried as action at law, and so treated by parties, will not be disturbed by reviewing court, where jury reached correct conclusion.

Where purely equitable action was tried as action at law, and was so treated on appeal by both parties, judgment therein will not be disturbed by reviewing court, where jury reached correct conclusion on the facts.

In Error to the District Court of the United States for the Eastern District of North Carolina, at Wilmington; Isaac M. Meekins, Judge.

Action by Mary Foy Stone, guardian of Joseph S. Stone, against C. L. Williams, receiver of the Commercial National Bank. Judgment for plaintiff, and defendant brings error. Affirmed.

H. Edmund Rodgers, of Wilmington, N. C. (J. O. Carr, of Wilmington, N. C., on the brief), for plaintiff in error.

E. K. Bryan, of Wilmington, N. C. (Bryan & Campbell, of Wilmington, N. C., on the brief), for defendant in error.

Before PARKER and NORTHCOTT, Circuit Judges, and WEBB, District Judge.

WEBB, District Judge. At the conclusion of the testimony in this case the defendant moved to set aside the verdict and for a new trial, on the ground that there was no sufficient evidence to support the said verdict, because the evidence preponderated in favor of the defendant. The court overruled this motion and rendered a judgment for the plaintiff.

The main allegation of the complaint is as follows:

"Ninth. That the defendant, C. L. Williams, receiver as aforesaid, now has in his hands a note for the sum of $3,000, made by one George Honnet, which note is secured by a real estate mortgage on certain property situate in the city of Wilmington, and which said $3,000 note now rightfully belongs to the plaintiff, as guardian of Joseph S. Stone, and which note bears certain credits for interest, and said Joseph S. Stone, at the time his guardian was appointed, had more than $4,000, which was collected from the life insurance policy on his father payable to said minor.

"(8) That some time ago plaintiff, desiring to borrow $1,000, made application to the Commercial National Bank to loan to plaintiff the sum of $1,000 of the said Joseph S. Stone's money in said bank, and the said bank agreed to and did lend to this plaintiff the sum of $1,000 of the said Joseph S. Stone's money, upon the plaintiff giving to the said bank the mortgage securing said amount, and the plaintiff mortgaged some of her own real estate in the city of Wilmington to secure said indebtedness, but when it came to deliver the papers, instead of making said note payable to said bank as guardian, as it should have done, the said bank took said mortgage and note of this plaintiff to itself, and the said C. L. Williams, receiver as aforesaid, now has the possession of the said note so given by the plaintiff to the said bank for the money so borrowed as aforesaid from the said bank as guardian, and the said C. L. Williams, receiver, declines and refuses to surrender the said note of $1,000 to her as guardian of the said Joseph S. Stone, claiming that the said note belongs to him as receiver, and does not belong to the plaintiff as guardian of the said Joseph S. Stone, and said note in truth and in fact, represents $1,000 which the said bank loaned to this plaintiff for the said Joseph S. Stone, and said bank now holds said note as trustee and former guardian, and declines to deliver the same to the plaintiff, and the plaintiff is informed and believes that, she having borrowed the money from said bank as guardian of Joseph S. Stone, the plaintiff is entitled to recover said note as guardian as aforesaid from the said C. L. Wil-

liams, receiver, and is entitled to a decree directing the said receiver to surrender the same to the plaintiff as guardian of Joseph S. Stone, as it was Joseph S. Stone's money that plaintiff borrowed, and (9) said note is amply secured by real estate mortgage given by the plaintiff to Commercial National Bank, and its receiver now has no right, claim, interest, or title in or to said note."

The court submitted to the jury one issue, as follows: "Is the plaintiff—that is, Mrs. Stone—the owner and entitled to the possession of the note and deed of trust offered in evidence in this cause?" The jury answered the issue in the affirmative, and the only question before the court is whether or not there was sufficient testimony presented to the jury to justify their finding.

[1, 2] The weight of the testimony and the credibility of the witnesses is a matter entirely for the jury, and we think in this case there was sufficient evidence, if believed by the jury, to sustain the verdict. The main question was whether or not the money borrowed by the plaintiff was the money of her ward, Joseph S. Stone, and was lent to her as her ward's money. The defendant contends that the records of the bank showed that, at the time the note in question was given, the account of Joseph S. Stone was overdrawn in the sum of $298.27, and the defendant further contends that the money lent Mrs. Stone was the money of the bank, and not funds of the ward, Joseph S. Stone. The defendant contends that testimony ought not to be allowed to upset or change the account of the bank. The real question, however is: Was the money, at the time it was borrowed, the money of the ward, Joseph S. Stone, and was it lent to the plaintiff as a part of Joseph's estate? Mrs. Stone, for the plaintiff, testified that she asked Mr. Calder, who was the trust officer of the Atlantic Trust & Banking Company, predecessor of the American Bank & Trust Company, if he would lend her $1,000 left over from insurance money belonging to Joseph, and that Mr. Calder told her that he would let her have the money. She further testified that the funds were there, amounting to $1,000 of the $4,000, and that she saw the account on the books, and that $3,000 had been lent to George Honnet, which left $1,000 to the credit of Joseph, and that she gave her mortgage on her property for this amount of $1,000. She said that the bank only spent the interest on the $4,000 for Joseph's support, and that she is positive that this was the only amount, and that she did not draw any of the principal of this

fund, and that she was positive that $3,000 of the money was lent to Honnet, and that $1,000 was lent to her for the note.

Milton Calder swore that he was at the time vice president of the American Bank & Trust Company and acted as its trust officer; that Mrs. Stone made application to him to borrow $1,000 from the Joseph Stone account, and that he agreed to lend it to her, and did so lend to her the $1,000, and took her note for it. He testified positively that "at the time she borrowed it, the bank had $1,000 belonging to Joseph Shepard Stone." He further testified that the $1,000 does not appear on the account anywhere as charged to the account. The mortgage was made to the bank, and as a bank, and not as guardian. At the time she borrowed this $1,000, there was not a credit shown on the books to Joseph Shepard Stone. "My recollection is that the money she borrowed was the money of her children, although the books do not sustain that recollection. Mrs. Stone applied to me for the money of her son, Joseph Shepard Stone, and I agreed to lend it to her, and did lend it to her. That is my recollection, independent of the books."

This witness further stated that the books did not show that it is charged anywhere on the account as having been taken out of the assets of the guardianship; that that is where it ought to be shown. "It is not my recollection that the bank's funds, and not the guardian funds, went into that note; but this account shows no evidence as having gone to this account."

This is the testimony upon which the plaintiff relied. Certainly there was ample testimony to submit to the jury on the issue, and upon it the jury found for the plaintiff; that is, that the money that was lent by the plaintiff was the money or funds belonging to Joseph S. Stone. Evidently the jury found that there had been some mistake in the books, that credits were not entered that should have been entered, or that deductions were made that should not have been made. In other words, the jury believed the testimony of Mrs. Stone and Mr. Calder to the effect that the $1,000 was lent as a part of the Joseph Stone estate in the hands of the bank.

[3, 4] We think that we should say, in passing, that, although this case was tried below as an action at law, and has been so treated here by both parties, in reality its object is to impress upon a note held by the receiver a trust in favor of the estate of the ward of plaintiff. It is therefore purely equitable in

nature, and should have been tried as a suit in equity. It appears to us, however, that the court and jury reached the correct conclusion upon the facts, and no point has been made as to the procedure. Under these circumstances we think that the judgment should not be disturbed, and same is accordingly affirmed.

Affirmed.