**ROYAL INSURANCE COMPANY, LIMITED, a Corporation, v. THOMAS AUGUSTUS SMITH.**

29 So. (2nd) 244            January Term, 1947
February 4, 1947            Special Division A
Petition for Rehearing March 4, 1947

*Reeves, Allen & Johnson,* for appellant.

*W. Robert Smith,* for appellee.

FABISINSKI, Associate Justice:

This appeal is from a decree reforming and enforcing a fire insurance policy.

On September 25, 1940, the property insured was conveyed by warranty deed to the appellee by other children and heirs of the deceased father of appellee. The deed was recorded on July 3, 1944. There is no issue made on appeal that the fact that the deed was not of record at the time of issuance affected the insurable interest of appellee, and the authorities are, so far as we have found, unanimous in holding that the failure to record the title papers of insured prior to the issuance of a policy does not affect the warranty as to sole and unconditional ownership.

At the time of the acceptance of the deed by appellee, fee simple title to the lands upon which the insured improvements were erected, was vested in the Trustees of the Internal Improvement Fund under the Murphy Act by reason of the failure of the former owner to pay taxes for certain years, and as the result of which failure the lands were certified to the Treasurer of the State of Florida, in 1928 and 1934.

The insurance policy was issued on February 26, 1941. The loss occurred on June 22, 1941. Appellee obtained title from the Trustees of the Internal Improvement Fund on June 19, 1942.

By its "Eighth Defense" in its answer the appellant raised the question of ownership of the property by appellee, evidently in ignorance of the unrecorded deed. By a "Ninth Defense," the issue of breach of warranty, on the theory that fee simple title was vested in the Trustees of the Internal Improvement Fund, was presented. Motion to strike these two defenses was seasonably made and granted. However, the testimony offered by the appellant to sustain these defenses is before us, although some parts of it were not considered in evidence by the chancellor.

We are first called on to consider whether the interest of appellee in the property was other than sole and unconditional ownership within the meaning of the policy issued thereupon.

It is conceded that at the time the appellee acquired title by warranty deed from the other heirs, his title was defective, because under the provisions of the Murphy Act, title had vested in the Trustees of the Internal Improvement Fund, and under the terms of that Act, no right of redemption remained in the grantors or their intestate ancestor, the latter having died on June 25, 1940.

45 C.J.S., Insurance, Section 522, page 254, summarizes the law on this subject as follows:

*"Forfeiture for nonpayment of taxes.* It has been held that, where the title to the property is in the State, under a tax sale, insured is not unconditional and sole owner, although the property is subject to redemption, but the contrary has been held where insured was in possession of the property."

The case cited in the note to the first proposition unqualifiedly sustains the text, (Perrin v. Stuyvesant Ins. Co., 140 La. 812, 74 so. 110), but that cited under the second proposition turns on a question of evidence, and is inconclusive as an aid to a determination of the question before us. In the latter case the period for redemption had expired.

29 Am. Jur., Insurance, Sections 618, 619, contains the following statement of the law:

"618. . . . The condition in an insurance policy of sole and unconditional ownership does not require a title absolutely good as against the world; it is enough if the insured's interest is sole and unconditional in the generally acepted sense. If one is in exclusive use and enjoyment of the entire estate, under claim of right and without assertion of adverse title by another, his interest is properly described as sole and unconditional ownership, although his title may be defctive in some particular. . . .

"619. . . . The sole and unconditional ownership clause is not breached by the fact that the property insured is situated upon a government homestead owned and claimed by the insured, in which the legal title remains in the United States

Government and on which final proof is not made until after the loss, which falls upon the homesteader." . . .

In the latter case the court (Allen v. Phoenix Assur. Co., 12 Idaho 653, 88 Pac. 245, 8 L.R.A. (N.S.) 903, 10 Ann. Cas. 328, denominated the interest of the insured as "inchoate."

The cases cited by the appellee in his brief, in which this Court has considered some of the remaining rights of a property owner who has lost the right of redemption under the Murphy Act, strongly indicate that the right to an opportunity to re-purchase property by its former owner from the Trustees of the Internal Improvement Fund will be liberally construed. Shuptrine v. Wohl Holding Corporation, 147 Fla. 185, 3 So. (2) 524; Andrews v. Andrews, 155 Fla. 654, 21 So. (2) 205. Certain remaining rights are also recognized by the legislature in the enactment of Chapter 21685, Laws of Florida, 1943 (192.47-192.48, 1943 Supp. F.S. 1941). These cases and enactments hardly create an equitable title, and do not even create an inchoate interest, but they seem to us, as applied to the facts in the case before us, to demonstrate that there was no violation of the "sole and unconditional ownership" clause, within the meaning of the policy. It must be remembered that the appellee was the purchaser of land, for a valuable consideration, the title of which was defective when acquired by him, as distinguished from an owner who had lost his title by reason of nonpayment of taxes.

Our conclusion is that in the light of all the facts and circumstances, and in the light of the practical construction and operation of the Murphy Act, and its application by the Trustees of the Internal Improvement Fund, by their rules and regulations and their known practice to give ample opportunity to the owner to re-purchase his property, there was no violation of the "sole and unconstitutional ownership" clause, within the spirit and purpose of the policy, and the chancellor did not err in so finding.

The second question involves a consideration of the sufficiency of the evidence to warrant the chancellor in reforming the policy.

The bill alleges that the appellee was the owner of the property, and that the appellant, by inadvertence and mis-

take, issued the policy to Mrs. Inez Smith, the wife of the appellee, who acted as his agent in making the arrangements for its issuance with the agent of appellant; whereas it was intended that it should be issued to appellee, as the insured, and that neither he nor his wife discovered that it was issued to the wrong person until after loss.

"The fact that a wrong name is unintentionally inserted in the policy is not so material as to avoid the policy." 45 C.J.S., Insurance, Sec. 515, Note 47, Page 240.

"Reformation for fraud or mutual mistake may be had where the policy as written does not insure the person or interest intended to be insured." 29 Am. Jur., Insurance, Sec. 248.

No useful purpose would be served in detailing the evidence upon the question. It is more than ample to carry conviction to the mind of any reasonable trier of facts that a mutual mistake occurred. There is nothing whatever in the record to show that the Company would not have insured the appellee as willingly as it did purport to insure his wife, and no conclusion can be drawn from the evidence other than that it was a thoughtless oversight which resulted in the issuance of the policy to the wife, rather than to appellee.

The third question is adressed to the exclusion of certain evidence tending to show that the "sole and unconditional ownership" clause had been breached. Since all the evidence which was so excluded is before us, and has been carefully considered, and referred to in this opinion, any error in its exclusion has been rendered harmless.

The fourth question challenges the correctness of the decree in general terms. Since we have carefully considered every phase of the decree rendered in the light of the attacks made upon it, we need not discuss this question.

Finding no reversible error, the decree is

Affirmed.

THOMAS, C. J., TERRELL and CHAPMAN, JJ., concur.