HERR et al. v. UNDERWRITERS AT
LLOYDS OF LONDON.

No. Sel. 5023.

United States District Court
D. Alaska. Third Division.

May 8, 1951.

McCutcheon & Nesbett, Anchorage,
Alaska, for plaintiffs.

Davis & Renfrew, Anchorage, Alaska,
for defendant.

FOLTA, District Judge.

Plaintiffs seek to recover for the loss of an airplane under a policy insuring it for $6700, its full value, less $50 deductible, and depreciation at the rate or 20% per annum.

The policy, issued May 7, 1947, for one year, names the plaintiff "Dick Miller, doing business as the Seldovia Air Service", as the insured. The plaintiffs were partners doing business in that name at Seldovia, about 150 miles from Anchorage, and it appears to be uncontradicted that it was their intention that the policy should be issued in the names of both. The insurance was procured, contemporaneously with and as a part of the sale, by the seller of the plane, the Arnold Air Service of Anchorage, through Ed Coffey of Anchorage, an insurance broker. Title was reserved under a conditional sales contract, defendant's Exhibit "D", executed by both of the plaintiffs, in which they were named as the buyers. It was not shown how the omission of plaintiff Herr's name from the policy occurred, but since the plaintiffs were required under the conditional sales contract to pay the cost of insurance to the seller, it may be presumed that the omission was that of the Arnold Air Service or of Coffey, Neither Arnold nor Coffey, however, was produced as a witness and the failure to produce them was not accounted for at the trial.

Payments on the plane were completed September 15, 1947, on which date the plaintiff Herr bought Miller's interest in the partnership and sold the plane and other property, including the unexpired term of the insurance, to one Henington, under a conditional sales contract, defendant's Exhibit "A". Neither of these transactions was reported to the insurer and it is not contended that the insurer had any knowledge thereof, actual or constructive. More than $4000 had been paid on the purchase price by Henington when, on January 30, 1948, the plane disappeared from its ramp on the shore of Seldovia Harbor. Some time later a wing float, identified as from that type of plane, was brought to Seldovia and it was reported that it had washed ashore about 10 miles from Seldovia. The plaintiff testified that on several occasions after purchasing the plane he visited Anchorage and attempted to ascertain the whereabouts of the policy in order to ex-

amine its provisions, but that in each instance he was unable to do so owing to the absence of Arnold and, hence, knew nothing of the omission of his name from the policy until after the loss occurred.

Since the plaintiff Herr continued to operate the business after its dissolution and is the only one beneficially interested in the outcome of this action he will hereinafter be referred to as the plaintiff.

Plaintiff strenuously argues that the evidence shows that Coffey was the agent of the insurer; that he knew that plaintiff was the other partner of the firm and that his ordering the policy in the name of Miller alone, or failure to detect the omission of Herr's name from the application or policy is chargeable to his principal. Aside from the fact that the evidence is wholly insufficient to establish agency, the case turns, in my opinion, on other considerations. The questions presented are:

(1) May the policy be treated as reformed so as to include plaintiff's name as one of the insured?

(2) Was there a transfer of "the interest of the insured" in violation of the terms of the policy?

(3) Was the loss of the plane within the coverage of the policy?

■ From the fact that the plane was insured for its full value it may be inferred that it was the intention of the parties that not only the entire ownership interest in the plane be covered, but that the owners be named as the insured. Through oversight or inadvertence, however, only one of the partners was named as the insured, although the full premium of $787.25 was paid by the partnership. A mistake of this kind, even though it may appear to be unilateral, is, nevertheless, held to be mutual. Great American Ins. Co. v. Johnson, 4 Cir., 25 F.2d 847, 848–849; Home Life Ins. Co. v. McCarns, 25 Del.Ch. 220, 16 A.2d 587; New York Life Ins. Co. v. Gilbert, 215 Mo.App. 201, 256 S.W. 148, 151; Buck v. Equitable Life Assurance Society, 96 Wash. 683, 165 P. 878. Accordingly, I find that the omission of plaintiff's name from the policy was the result of a mutual mistake, which warrants a reformation of the policy to con-

form to the intention of the partners and treatment of it as so reformed. Great American Ins. Co. v. Johnson, supra, 25 F. 2d at page 850; Cf. Royal Ins. Co. v. Smith, 158 Fla. 472, 29 So.2d 244; Connecticut Fire Ins. Co. v. McNeil, 6 Cir., 35 F.2d 675 and cases cited at page 676, even though the action is tried as one at law. Great American Ins. Co. v. Johnson, supra, 25 F.2d at pages 849–850.

■ The contention that the contract of sale of the interest of plaintiff in the plane to Henington voided the policy is based on paragraph (f) of the exclusions, which provides that the certificate does not apply, "to loss or damage which occurs after a transfer, during the Certificate period, of the interest of the Insured in the aircraft without the written consent of the Underwriters".

It should be noted that the provision quoted is directed against the transfer of "the interest" of the insured. This would appear to exclude, by implication, transfer of anything less than the entire interest.

Defendant, however, contends that the transaction in question constituted a present sale of the plaintiff's entire interest. In view of the fact, however, that there was no transfer of title, the transaction amounted to no more than a transfer of a part of the owner's interest. Such a transaction, of course, is sufficient to void a policy containing a provision prohibiting "any change of title, interest or possession, or providing that the interest of the owner shall be no less than "sole and unconditional ownership" and, indeed, it may be plausibly argued that in view of the object of such provisions to insure the continued interest of the named insured in protecting and safeguarding the insured property, as well as to limit indemnification of losses to those sustained by the insured only, the term here under consideration should be construed to include the transfer of any interest. I am inclined to the view, however, that where the language used is that of the insurer and is, moreover, not ambiguous, there is no room for construction and no reason to invoke the rule that terms of doubtful import will be construed against the insurer and, hence, I am of the opinion that the

term "the interest" does not include the transfer of anything less than the entire interest of the insured and that, therefore, this particular provision of the policy was not violated. Morrison's Admr. v. Tennessee Marine & Fire Insurance Co., 18 Mo. 262, 59 Am.Dec. 299; Grable v. German Ins. Co., 32 Neb. 645, 49 N.W. 713, 715.

The plane disappeared from the ramp during the night of January 30, 1948. The defendant argues that the loss could have been occasioned by malicious mischief, sabotage, intentional injury or destruction, conversion, embezzlement or concealment, all of which are specified in exclusion "b" of the policy. I am of the opinion, however, that these are matters of defense with the burden of proof on the defendant, who submitted no evidence following an adverse ruling on its motion to dismiss. While the evidence as to the manner in which the plane was lost is unsatisfactory, it may be reasonably inferred that it was improperly moored and lost in consequence thereof, and, therefore, I find that the loss is within the coverage of the policy.

I am of the opinion that the plaintiff is entitled to recover the face value of the policy, Dubin Paper Co. v. Insurance Co., 361 Pa. 68, 63 A.2d 85, Anno. 8 A.L.R.2d 1408, 1411, less $983.88, accrued depreciation for 268 days at the rate of 20% per annum, and $50 which is deductible under specific provision of the policy, together with interest.

An attorney's fee of $350 is allowed.

Whitaker, J., dissented.