PER CURIAM.
The appellant, plaintiff in the trial court, seeks review of an adverse final decree in a declaratory decree action.
The appellant attempted to void an automobile liability policy pursuant to the provisions of § 627.01081, Fla.Stat., F.S.A. The trial judge found that the appellant had failed to sustain its burden of proof to void the policy; that the defendant, Edwin P. Drescher, was the “equitable and beneficial owner of the insured vehicle”. The problem arose because the following question was contained on the application for insurance:
ijj ‡ * sjs % sfc
(a) If all automobiles are not (a) solely owned by the Applicant, (b) principally garaged at the Applicant’s address, or (c) operated by residents of the Applicant’s household, explain:”
* 4c * * *
No answer was given. Although title to the automobile was vested in a corporation, it is apparent from the record that the defendant, Drescher, was the sole owner of the automobile and these facts were known to the solicitor or agent for the company. Phenix Ins. Co. v. Hilliard, 59 Fla. 590, 52 So. 799; Royal Ins. Co. v. Smith, 158 Fla. 472, 29 So.2d 244; 18 Fla.Jur., Insurance, § 205.
Therefore, we find no error in the degree under review and affirm, Poole v. *452 Travelers Ins. Co., 130 Fla. 806, 179 So. 138; Russell v. Eckert, Fla.App.1967, 195 So.2d 617; 18 Fla.Jur., Insurance, § 245. If, in addition to the above question, the company desired to know how title to the automobile was registered, such a question could have been contained on the application. Any ambiguity in the application is resolved against the company. Boston Insurance Company v. Smith, Fla.App.1963, 149 So. 2d 68; New Amsterdam Casualty Company v. Addison, Fla.App.1964, 169 So.2d 877; Miller Electric Company of Florida v. Employers’ Liability Assurance Corporation, Fla.App.1965, 171 So.2d 40.
The final decree here under review is hereby affirmed.
Affirmed.