# CHARLESTON.

## DEITZ *v.* INSURANCE CO.

Submitted June 15, 1888.—Decided December 14, 1888.

1. INSURANCE—DEMURRER—COMMON-LAW PLEADING.

   In an action by a husband for the use of his wife on a policy of insurance, which described the property insured as the plaintiff's and contained a provision that, if the insured is not the absolute owner of the property, it must be so expressed in writing in the policy, otherwise the insurance as to such property shall be void; the declaration was in the form prescribed by our statute, (section 61, ch. 125, Code); the plaintiff at the instance of the defendant filed a particular statement of the facts he expected to prove at the trial, among those facts he stated, that the insured property belonged to his wife, and that he so informed the agent of the defendant, at the time the insurance was procured, but that said agent contrary to his instructions and without his knowledge made out the policy in his name instead of that of his wife; the defendant then demurred to the declaration and this statement; HELD: (pp. 853-4.)

   I. If the defendant desired to test the legal sufficiency of the plaintiff's case as thus presented, his demurrer was the proper proceeding.

   II. The plaintiff had the right to sue on his policy in his own name for the use of his wife.

   III. The Circuit Court improperly sustained said demurrer.

2. INSURANCE—PRINCIPAL AND AGENT—UNDISCLOSED PRINCIPAL—CONTRACT—EVIDENCE.

   Where a contract not under seal is made by an agent in his own name for an undisclosed principal, either the agent or the principal may sue upon it, and parol evidence is admissible to enable the principal to show, that he is the real contracting party. (p. 854.)

| | |
|---|---|
| 31 | 851 |
| 33 | 412 |
| 33 | 413 |
| 33 | 542 |
| 31 | 851 |
| 37 | 282 |
| 31 | 851 |
| 40 | 757 |
| 31 | 851 |
| 41 | 265 |
| 31 | 851 |
| 42 | 662 |
| 31 | 851 |
| 44 | 737 |
| 31 | 851 |
| 49 | 376 |
| 31 | 851 |
| 51 | 165 |
| 31 | 851 |
| 55 | 347 |

3. INSURANCE—AGENT—CONTRACT—APPLICATION.

An agent of an insurance company authorized to procure poli-
cies of insurance and forward applications for acceptance to the
company must be deemed the agent of the company in all he does
in preparing the application or in any representation, which he
may make as to the character or effect of the statements therein
contained; and this rule is not changed by a stipulation inserted
in the policy subsequently issued, that the acts of such agent in
making out the application shall be deemed the acts of the insured.
(p. 856.)

*Knight & Couch* and *S. Littlepage* for plaintiff in error.

*W. A. Quarrier* for defendant in error.

SNYDER, JUDGE :

This is an action by John K. Deitz for the use of Sarah E.
Deitz against the Providence Washington Insurance Com-
pany, brought in the Circuit Court of Kanawha county. The
declaration is in the form prescribed by our statute (section
61, ch. 125, Code 1887,) and alleges, that the defendant by vir-
tue of the insurance policy herewith filed owes the plaintiff
$1,995.00 for loss in respect to the property insured by said
policy, caused by fire on or about April 15, 1887, at the
premises described in said policy, and then concludes with
a promise to pay said sum and refusal to do so, as is usual in
actions of *assumpsit.*

The defendant demurred to this declaration, which de-
murrer the court overruled. The defendant then under the
provisions of section 62 of the statute obtained from the
court an order requiring the plaintiff to file a more particu-
lar statement in respect to his claim and the facts expected
to be proved by him at the trial. In response to this order
the plaintiff filed a statement under oath, in which among
other things, he stated, that Sarah E. Deitz, the person for
whose use this action is brought, was at the time said insur-
ance was effected, as well as at the time the loss occurred,
the owner of all the property insured ; that she was then
and still is his wife ; that he acting as her agent, procured
the insurance of her property, and informed the agent of the
defendant, at the time the policy was taken or being made
out, that all the property belonged to said Sarah E. Deitz, and

instructed the defendant's agent at the time to make out the policy accordingly; that said agent by mistake and oversight made out the policy after receiving said instructions, and after he, the plaintiff, had left his office, in the name of the plaintiff; that the policy was for some time kept by defendant's agent and was then handed by him to the said Sarah E. Deitz and by her laid away a short time before the fire; and that neither the plaintiff nor said Sarah discovered the mistake until after the fire.

The defendant thereupon demurred to the declaration, and this statement filed in aid of it and also moved the court to dismiss the plaintiff's action, which demurrer and motion the court sustained and dismissed the action.. The plaintiff has brought this writ of error.

The plaintiff contends, that the court erred in dismissing the action. The defendant insists, that the action of the court was right, because the facts set out by the plaintiff in his special statement show, that he never had any insurable interest in the property or right of action on the policy. The policy is in the name of John K. Deitz, the plaintiff, and describes the property insured by it as belonging to him and makes no mention of any interest in his wife or of his effecting the insurance as her agent. The policy also contains the following provisions :

" If the assured shall make any false representation as to the character, situation, or occupancy of the property, or the interest of assured in the same, * * * or if the property be held in trust or on commission, or by leasehold or other interest not amounting to absolute or sole ownership, * * * it must be so represented to the company, and expressed in the policy in writing; otherwise the insurance as to such property shall be void." And also : "If any person other than the assured shall have procured this insurance to be taken by the company, such person shall be considered the agent of the assured, and not of this company; and this company shall not be bound by any act of, or statement made to or by, any agent or other person, which is not contained either in the policy, or in the written application upon which the insurance or any renewal is based."

The important question is, whether or not according to the

facts thus appearing the plaintiff has any right to maintain this action. I think this question is properly raised by the defendant's demurrer to the declaration and the plaintiff's statement filed in support thereof. The statement being a specific averment of the facts intended to be proved, to sustain the action, must be considered a part of the declaration; and if it so modifies or contradicts the general averments of the declaration as to show, that the plaintiff has no cause of action, it would be vain and useless to put the plaintiff to the proof of them, because that would be in effect to call upon him to prove facts, which when proved would defeat his action. The demurrer at this stage of the proceedings is analogous to a motion to dismiss on the plaintiff's opening statement of his case or according to the practice in this State of moving the court to exclude the plaintiff's evidence. *Oscanyan* v. *Arms Co.*, 103 U. S. 261; *Dresser* v. *Transportation Co.*, 8 W. Va. 553; *Schwarzbach* v. *Union*, 25 W. Va. 622.

If we regard the declaration, the insurance policy and the special statement together as containing the facts, on which the plaintiff founds his claim, does he show a right to recover in this action? The defendant insists, that the plaintiff's remedy is in a court of equity to reform the contract of insurance and correct the mistake in the policy. It is no doubt true, that he has this remedy, but I do not think, that it is his only remedy. It is a well-settled rule of law, that, where a contract not under seal is made by an agent in his own name for an undisclosed principal, either the agent or the principal may sue upon it; the defendant in the latter case being entitled to be placed in the same situation at the time of the disclosure of the real principal, as if the agent had been the contracting party. The rights and liabilities of a principal upon a written instrument executed by his agent do not depend upon the fact of the agency appearing on the instrument but upon the facts (1) that the act is done in the exercise and (2) within the limits of the powers delegated to the agent, and these are necessarily open to inquiry by evidence.

In *Browning* v. *Insurance Co.*, L. R. 5 P. C. 263, it was held, that, where an insurance broker takes out a policy of

insurance in his own name upon his principal's goods, the latter may sue upon the policy in his own name.   In cases of this kind the liability of the principal as well as the rights of the other party, depends upon the act done and not merely the form, in which it is executed.  If the agent is clothed with the proper authority, his acts bind the principal, although done in his own name.  The only difference is, that, where the agent contracts in his own name for an undisclosed principal, who has employed him, he adds his own personal responsibility to that of his principal.

As to the admissibility of parol evidence to qualify the written contract, there is as much objection to letting it in for the purpose of enabling the principal not named in the contract itself to sue, as for the purpose of rendering him liable to be sued.  But the true rule, it is submitted, is that parol evidence is admissible for the purpose of introducing a new party, but never for discharging an apparent party to the contract.  *Jones* v. *Littledale*, 6 Adol. & E. 486; *Sims* v. *Bond*, 5 Barn. & Adol. 393.  It is the constant course to admit parol evidence to show whether the contracting party is agent or principal.  *Wilson* v. *Hart*, 7 Taunt. 295.

The agent's right to sue in his own name, where the instrument is in terms payable to him, is the same, whether it be a promissory note, bill of exchange, check, bill of lading, policy of insurance, bond, and the like instances.  1 Wait Act. & Def. 279, and cases cited.  In *Colburn* v. *Phillips*, 13 Gray 64, it is held : " An agent may sue on a written agreement made by him in his own name in behalf of his principal."  *Rhoades* v. *Blackiston*, 106 Mass. 334, (8 Amer. Rep. 333).

In illustration of this rule, Story on Agency, in section 161, says : " If an agent should procure a policy of insurance in his own name, for the benefit of his principal, the agent, as well as the principal, may sue thereon ; for it is treated properly as a contract to which the principal, as well as the agent, is a party."  In *Higgins* v. *Senior*, 8 Mees. & W. 834, 845, it is said : " There is no doubt that where such an agreement is made it is competent to show that one or both of the contracting parties were agents for other persons, and acted as such agents in making the contract, so as to give the bene-

fit of the contract on the one hand to, and charge with liability on the other, the unnamed principals; and this, whether the agreement be or be not required to be in writing by the statute of frauds." Story Ag. §§ 160, 270, and notes.

But it is insisted for the defendant, that the plaintiff by the contract of insurance represented, that he was the owner of the property, and, as he had in fact no interest in the property, the contract is by the terms of the policy void. It is true that the policy is in the name of the plaintiff, John K. Deitz, and insures the property as his; and it is also true, that the policy provides, that, if the property is held in trust or be a leasehold or other interest not amounting to absolute or sole ownership, it must be so represented in the policy in writing, otherwise the insurance as to such property shall be void. But the statement of facts filed by the plaintiff alleges, that the plaintiff effected the insurance as the agent of the wife, the said Sarah E. Deitz, and at the time informed the agent of the defendant, that the property belonged to his wife. In *Hunt* v. *Insurance Co.*, 22 Fed. Rep. 563, it was held : " Where a company's policies provide, that ' any interest in property insured not absolute, or that is less than a perfect title, must be especially represented to the company and expressed in this policy in writing, otherwise the insurance shall be void,' it is the duty of the agent who makes the contract in behalf of the company, if he knows, that the property, upon which insurance is desired, belongs to the applicant's wife, to state that fact in the policy, and if he fails to do so, the policy will not be invalid on that account." And in the same case it was further held, that " a husband who has taken out insurance as his wife's agent upon her property in his own name, may sue in his own name for her benefit in case of loss."

It is a general principle, well settled by the authorities, that agents of an insurance company authorized to procure applications for insurance and to forward them to the company for acceptance must be deemed the agents of the company in all they do in preparing the application, or in any representation they may make as to the character or effect of the statement therein contained ; and when either by his instruction or direct act such agent makes out an applica-

tion incorrectly, notwithstanding all the facts are correctly stated to him by the applicants, the error is chargeable to the company. This rule is not affected or changed by a stipulation inserted in the policy subsequently issued, that the acts of such agent in making out the application shall be deemed the acts of the insured unless written in the application or expressed in the policy. Such stipulation does not convert the acts done for the insurer into the acts of the insured. *Kausal* v. *Association*, 31 Minn. 17, (16 N. W. Rep. 430); *Poughkeepsie* v. *Insurance Co.*, 30 Hun. 473; *Rowley* v. *Insurance Co.*, 36 N. Y. 550; *Woodbury* v. *Insurance Co.*, 31 Conn. 517; Wood Ins. §§ 400, 401; *Schwarzbach* v. *Union*, 25 W. Va. 622; *Travis* v. *Insurance Co.*, 28 W. Va. 584, 598.

Parol evidence is competent to prove that the application was filled up by the agent of the company, and that the facts were fully and correctly stated to him, but that he without the knowledge of the insured mistated them in the application. This is not a violation of the rule, that verbal testimony is not admissible to vary a written contract. It proceeds upon the ground, that the contents of the paper was not his statement, though signed by him, and that the company by the acts of its agent in the matter is estopped to set up, that it is a representation of the insured. *Insurance Co.* v. *Wilkinson*, 13 Wall. 222; May Ins. § 143, and cases cited.

These principles and these authorities are conclusive of the case at bar. The facts alleged in the plaintiff's special statement, if established by sufficient proof, would clearly show, that the mistake in the policy was the act of the defendant through its agent, and that the defendant can not avoid its liability on account of such mistake. The judgment of the Circuit Court must therefore be reversed, the defendant's demurrer overruled, and the case remanded for further proceedings according to the principles announced in this opinion.

REVERSED. REMANDED.