# CHARLESTON.

EARNIE DYE v. WILL RATHBONE et al.

(No. 5586)

Submitted October 12, 1926.   Decided October 19, 1926.

1. TRIAL—*Judge Should Carefully Abstain from Indicating by Word, Gesture, or Otherwise Personal Views on Weight of Evidence, Credibility or Incredibility of Witnesses, or Extent of Damages Sued for.*

   The judge of the court when engaged in the trial of a case before a jury should studiously abstain from indicating by

word, gesture or otherwise his personal views upon the weight of evidence, or the credibility or incredibility of the witnesses, or the extent of the damages sued for, thereby to invade the province of the jurors, the proper triers of the facts.   (p. 392.)

(Trial, 38 Cyc. pp. 1317, 1320, 1646, 1651.)

2.   AUTOMOBILES—NEGLIGENCE—*Instruction That Plaintiff, Injured in Automobile Collision, Has Burden to Show Defendant's Negligence and His Own Want of Contributory Negligence is Error; Burden of Establishing Contributory Negligence is on Defendant.*

In an action for personal injuries and damages to property sustained in an automobile collision, it is error for the trial court by an instruction to tell the jury that the burden is upon the plaintiff to show negligence on the part of the defendant and want of contributory negligence on his part. Contributory negligence is defensive matter, and while it may be shown by plaintiff's own evidence as well as the evidence adduced by the defendant, nevertheless the burden is upon the defendant who is shown to be negligent, to establish contributory negligence on the part of the plaintiff resulting in the injury complained of.   (p. 393.)

(Negligence, 29 Cyc. p. 644.)

(NOTE:   Parenthetical references by Editors, C. J.—Cyc. Not part of Syllabi.)

Error to Circuit Court, Roane County.

Action by Earnie Dye against Will Rathbone and another. Judgment for defendants, and plaintiff brings error.

*Judgment reversed; verdict set aside; new trial awarded.*

*Wm. S. Ryan* and *Thos. P. Ryan,* for plaintiff in error.

*Grover F. Hedges,* for defendants in error.

MILLER, JUDGE:

Plaintiff sued defendants for damages to his Ford car, and for personal injuries sustained in a collision between his car and that of the defendant Rathbone, also a Ford car, which was being driven by the defendant Ora Hardman, due to the alleged negligence of the defendants in the management and control of their car.   The result of the trial was a verdict for the defendants, and a judgment of nil capiat against plaintiff.

That there was a collision between the two cars, and that both were badly wrecked, and that plaintiff sustained severe personal injuries, were facts not only admitted but fully proven on the trial. The question at issue was who was at fault, resulting in the damages sustained. The collision occurred on a road in Roane County between the village of Billings and the village of Reedy, on a grade some three hundred feet in length, at dusk, as the plaintiff driving his car was descending and the defendants were ascending the grade. There was a slight curve at the top of the grade, and a sharper one at the foot of the hill. Plaintiff, in charge of his car, rounded the curve at the top of the grade just about the time that the defendants came around the curve at the foot of the hill, and each saw the other about the same instant, by the lights of their respective machines. Just what the grade was does not appear, but the evidence indicates that it was a steep one. The plaintiff descending held the side next to a high bank, and the defendants in ascending held the side next to the creek and a deep embankment running down to the creek. The width of the road, the traveled portion, at the point of the accident, was about twenty-one feet, according to the evidence of the plaintiff, so that there should have been no danger in traveling the road with auto cars if properly controlled by the drivers. Plaintiff's claim is that in rounding the curve at the top of the grade, and in descending, he was not traveling to exceed fifteen or twenty miles an hour, and was maintaining his proper place on the right side of the road, but that defendants, just before and at the time of the collision, were crowding and forcing him farther and farther over by invading his side of the road, and finally hitting him and throwing him upon a rock embedded in the ditch or gutter at the side of the road, causing his car to turn over, with the results as detailed. His testimony, however, does not very well bear out this theory, for when asked whether his car hit the rock, he answered: "Well, I couldn't say as to that. You see, the car hit just before I got to the rock. I was only about a foot or two from the rock when the cars hit, and when the cars hit it knocked me unconscious."

Nor was he certain whether his wheels were in the side ditch. There was no appreciable evidence that defendants were moving up the grade at a high rate of speed, or were negligent in that regard, but only that they were crowding plaintiff out of his side of the highway. On the other hand, a number of witnesses at a church on the top of the hill, on plaintiff's side of the road, all agree that plaintiff approached the top of the hill and descended at a very high rate of speed, about thirty-five miles per hour; one at least said, ''at a dangerous rate of speed.'' The evidence on this important fact of the speed on the down grade, greatly preponderates against the plaintiff. This is pertinent, especially in view of the fact that several witnesses swear that before the accident, when his attention was called to the fact that the brakes on his car were defective or wanting, plaintiff replied that he did not need brakes on a Ford car. And the physical facts appearing immediately after the collision tend rather to support the defendants' theory than that of plaintiff. And defendants and their witnesses to the accident swear that their car was at all times under proper control, and that they held tenaciously to their side of the road, going so close to the embankment as to excite the fear of one of the passengers. Nevertheless, after the impact, defendants' car stood diagonally across the right side of the road ascending the hill; the left front wheel was torn off and resting on the middle of the road; the right hind wheel was within from three to five feet from the outer edge of the road; while plaintiff's car had run down and turned over once or twice, and finally landed down the hill from sixty-five to eighty feet below where defendants' car then stood, and was lying over in the left-hand side of the road going down. Necessarily, the impact of plaintiff's car, being of the same make and weight, was to retard and push back defendants' car in the direction of the force, and to throw it around diagonally across the road just as it was found, and to move on down the hill as far as the superior force due to the grade of the hill and the rate of speed would carry it, and to land at the point where it was found after the impact.

Our first thought was that probably these physical facts would overcome the claims of the one side or the other and render it unnecessary to reverse the judgment for any error committed on the trial. But further consideration of the facts will hardly permit us to dispose of the case in that way. We have recently approved and applied the rule laid down in 1 Moore on Facts, Sec. 150, that courts should not indulge in arbitrary deductions from physical fact and law, except when they appear to be so clear and irrefutable that no room is left for the entertainment, by reasonable minds, of any other. *Cavender* v. *Cline Ice Cream Company,* 101 W. Va. 3, 131 S. E. 862, 864.

The first proposition urged and to be considered is that the trial court erred to the prejudice of plaintiff, during the trial of the case, by comments on the weight of the testimony and the credibility of plaintiff's witnesses, and in making disparaging remarks respecting the plaintiff's case, all of which are specifically covered by plaintiff's bill of exceptions No. 3. We have examined the record respecting all of these rulings, as set forth in this bill of exceptions, and conclude that while some of them were not improper, yet the complaints about others are not groundless. For example, the plaintiff on the trial had sworn that he had always been a careful driver and had had no accidents. On cross-examination, he was asked whether he had not had accidents at particular places. It was competent to test his credibility by thus challenging the accuracy of his statement. He answered, however, explaining that his radius rod had been bent down on him. For not answering categorically, "yes" or "no", the court criticized him; but we think the plaintiff was not prejudiced thereby, nor indeed do we think the criticism was unjust. The witness could have answered "yes" or "no", and then explained the accident.

Another example of the rulings complained of is: On plaintiff's theory of being crowded upon the rock at the side of the road by defendants, controverted by them, plaintiff's counsel inquired of his witness Vandevender about some tracks on the road observed by him some fifteen minutes after the

accident, and the court would not permit him to answer, on the ground, as he observed, that these tracks might have been made by other passing cars, or that the witness might have seen other tracks, and stated to the jury that all such evidence was incompetent. Whatever weight this evidence should have had before the jury, we think it was competent to prove the tracks leading to the rock in question, as one of the questions before the jury necessarily was whether the plaintiff's car had been driven upon the rock and into the ditch in the manner stated, and the fact that tracks were there, though seen fifteen minutes thereafter, did not render the evidence wholly incompetent.

As examples of the intemperate and prejudicial remarks and comments of the judge on the evidence, a witness for plaintiff had testified that he heard defendant Ora Hardman say on the night of the collision that the fault was more hers than that of the plaintiff, and the trial judge in the presence of the jury injected this remark: "Are you sure she said that?" And on objection to this question by plaintiff's counsel, the court overruled it, and as if in justification, said: "I have heard so much cross swearing I get tired of it. I don't know what she will say about it." Another witness for plaintiff, George Stahlman, had testified that plaintiff's car had turned over near the side ditch and rock. The trial judge interposed as if to discredit this evidence: "According to the windshield glass, it must have turned over about where the glass was." On objection to this interruption, counsel was overruled. And the same witness testified that, "it looked like it had turned over twice;" and the judge interposed: "He says that is where it appeared to have struck the impact." And of the same witness the court inquired: "You don't know what car the glass was out of, except what appeared there from the looks of it." Objection to these remarks, and counsel's motion to strike them out, were overruled.

Plaintiff's counsel was allowed to prove by the defendant Ora Hardman that she had no license to drive a car, as a fact or circumstance bearing on the question of her negligent operation of the car, and on objection by defendants' counsel and

motion to strike out the evidence unless the fact was shown to have some causal connection with the injury, the judge in ruling upon the motion, among other things, said in the presence of the jury: "For instance, a man may have a license to run an automobile, but he hasn't a right to run it over me if I am standing in the road—hasn't a right to voluntarily run over me if he has a license. If he does it accidentally it would be different, but he has no right to hit me purposely if he did have a license." These remarks were probably more favorable to the plaintiff than to the defendants, as applied to the acts of the defendants. But we think they were argumentative, and that the argument should have been left to counsel; and such remarks are not within the province of the judge in making his ruling.

Respecting the remaining criticisms, we are unable to say that the rulings or remarks of the court were erroneous or prejudicial to either of the parties. Knowing the personal qualifications of the trial judge, and being satisfied of his honesty of purpose, we have no intention in our rulings here to cast any unjust aspersions on his conduct in this case. But the orderly conduct of causes on trial, as we have several times had occasion to say, requires that the court should be extremely cautious not to intimate in any manner by word, tone, or demeanor, his opinion upon any fact in issue. *State* v. *Austin*, 93 W. Va. 704; *State* v. *Willey*, 97 W. Va. 253; *State* v. *Staley*, 45 W. Va. 792; *Ball* v. *Wilson*, 98 W. Va. 211; *State Road Commission* v. *Young*, 100 W. Va. 394. These cases all hold that the trial judge should not in the ways indicated invade the province of the jury, and by manner, word or jesture indicate to the jury an opinion on the facts, which the jurors would readily accept to the prejudice of the litigants involved in the trial. We are unable to say from the record that some of these remarks and comments of the court here complained of were not reflected in the verdict and do not constitute reversible error; and on another trial to be awarded we would recommend that the court give careful consideration to the prior decisions cited in support of these views.

The only other question calling for consideration on this hearing relates to the giving and refusing of instructions. We have carefully considered them all, and find no error therein except defendants' instruction number four, which was objected to; and the error therein is especially relied on as good ground for reversal. It is as follows: "The court instructs the jury that the plaintiff in this case must prove by a preponderance of the evidence not only want of reasonable care on the part of the defendants, but he must also prove by a preponderance of the evidence reasonable care on his part, in the driving and operation of the colliding cars, respectively, and that if he fails in his proof of either, by a preponderance of the evidence, he is not entitled to recover in this case."

The objection to this instruction is that it erroneously puts on the plaintiff as a condition of recovery the burden of proving, not only the negligence or want of due care on the part of the defendants, but also that he was not guilty of contributory negligence. Contrary to this instruction many cases here and in Virginia hold that as a general rule the burden is on defendant to show the contributory negligence of the plaintiff, if it be relied on as a ground of defense. 10 Enc. Dig. Va. & W. Va. Rep. 406; 4 Id. Cum. Sup. 986. Of course, as many of the cases cited in these digests say, such contributory negligence may be made to appear, not only from the defendant's evidence, but may be shown by the plaintiff's evidence as well, and that however made to appear it will constitute a good defense.

The judgment will be reversed, the verdict set aside, and the plaintiff awarded a new trial.

*Judgment reversed; verdict set aside; new trial awarded.*