SMARIA BAYS *v.* FARMERS' MUTUAL FIRE ASSOCIATION OF W. VA.

(No. 7670)

Submitted October 3, 1933. Decided October 10, 1933.

*H. H. Rose,* for plaintiff in error.
*Robert L. Hogg,* for defendant in error.

MAXWELL, PRESIDENT:

From a judgment against it for $1,093.17, the defendant prosecutes writ of error.

The action is for insurance on a barn destroyed by fire. The parties waived a jury and submitted the case to the court on the pleadings and an agreed statement of facts.

The defense is that there are material misrepresentations of fact in the application for the insurance in that the barn was therein represented to be of the size 56 feet by 56 feet and sixteen feet to the square, built in 1925 and covered with a metal roof, whereas in fact it was 46 by 56 feet and only

twelve feet to the square, rebuilt in 1925 and partly covered with metal roof. This being a material misstatement of fact, the defendant relies upon the following warranty in the application: "* * * and this insurance is based upon the representations as contained in the assured's application of even number herewith, a copy of which application is hereto attached and each and every statement of which is hereby specially made a warranty and a part hereof, and it is agreed, that if any false statements are made in said application this policy shall be void."

It appears from the statement of facts that the plaintiff's husband requested of a soliciting agent of the defendant that the policy in suit be issued; that he gave to the agent a correct description of the barn and was told by the agent that the policy would be mailed to the plaintiff; "that neither the plaintiff nor her agent (husband) at any time knew of the necessity of any formal application and that neither the plaintiff nor her agent at any time signed any such application."

When the policy was received by the plaintiff, there was attached thereto what purported to be a copy of an application on one of the defendant's printed forms. The misdescription of the barn was therein contained. The writing in the blank spaces had been done with a typewriter, and the name of the plaintiff had been written at the end of the form in the same manner. The policy was issued October 14, 1929, and was at once mailed to and received by the plaintiff. The barn was totally destroyed by fire September 20, 1931. The defendant invokes the following provision of our statute relating to farmers' mutual fire insurance companies: "* * * The insurance contracts of all such companies shall be made to conform to the provisions of this article and shall consist of the policy proper, constitution and by-laws of the company, all indorsements made on or attached to the policy, such parts of the application as are attached to or incorporated in the insurance contract, and any premium note or other policy obligation given by a member, all of which shall be binding on the insured as long as he remains a member or policyholder of the company." Code 1931, 33-5-9. It is urged that

this statute expressly eliminates from consideration any matter not appearing in the enumerated papers.

The further position is taken by the defendant that the plaintiff by accepting and retaining the policy without objection to the misstatements contained in the purported copy of warranties thereto attached adopted as her own the said statements and ratified the same, and that the plaintiff may not be permitted to adduce evidence for the purpose of showing that correct information as to the size, age and roof of the barn was given to the defendant's agent who procured the policy to be written.

Plaintiff's failure to read the paper attached to the policy and to discover therein the misdescription of the barn does not militate against her because she had a right to assume that the agent of the defendant would not through carelessness or otherwise misstate the facts which had been given to him. An assured may not ordinarily plead ignorance of a provision of his insurance policy, but such is not the situation at bar. Ignorance of a provision of one's policy is a very different thing from ignorance of the fact that the company's agent has misstated facts furnished him by the assured. The assured is not called upon to make examination to ascertain whether the agent of the insurance company has faithfully discharged his duty. The assured need not anticipate fraud or mistake on the part of the agent. *Williams* v. *Fire Ins. Co.,* (Ore.) 251 Pac. 258.

We think the law of this case is well settled in this jurisdiction: "If the facts regarding the risk are correctly stated to the agent, but erroneously inserted by him in the application, the company is chargeable with his error or mistake." *Coles* v. *Jefferson Insurance Co.,* 41 W. Va. 261, 23 S. E. 732. The earlier cases of *Deitz* v. *Insurance Co.,* 31 W. Va. 851, 8 S. E. 616, and *Schwarzbach* v. *Protective Union,* 25 W. Va. 622, are authority for the same proposition. Our latest case on this subject is *Shinn* v. *Insurance Co.,* 104 W. Va. 353, 140 S. E. 61, wherein we held: "In an action on a fire insurance policy, parol evidence is competent to prove that the agent filled out the application, and that the facts were fully and correctly stated to him, but that he without the knowledge of the insured misstated them in the application, although the

insured signed the application." This proposition is also clearly stated in *Leuders' Ex'r.* v. *Insurance Co.,* 12 Fed. 465.

Other West Virginia cases emphasize the rule that in the preparation of applications for insurance, or in directing the preparation thereof, the insurance company's agent acts for the company and not for the applicant. See *Medley* v. *Insurance Co.,* 55 W. Va. 342, at 346, 47 S. E. 101, and *Hawkins* v. *Insurance Co.,* 80 W. Va. 773, 93 S. E. 873.

Standard text writers state the rule in the same manner as we are here considering it. Thus in 5 Cooley's Briefs on Insurance, p. 4164: "Where the insured, in good faith, makes truthful answers to the questions contained in the application, but his answers, owing to the fraud, mistake, or negligence of the agent filling out the application, are incorrectly transcribed, the company is estopped to assert their falsity as a defense to the policy. The acts of the agent, whether he is a general agent with power to issue policies, a soliciting agent, or merely medical examiner for the company, are in this respect the acts of the company, and he cannot be regarded as the agent of the insured, though it is so stipulated in the application or policy." Other texts are in accord: II Clement on Fire Ins., p. 47; II Joyce on Ins. (2d Ed.), sec. 475; II Couch on Ins., sec. 524; 14 Ruling Case Law, p. 1174.

It is urged that the rule laid down in the *Shinn* case, *supra,* was determined on the basis of fact that the application was not made a part of the policy—was not physically attached, and that, in the case at bar the application being attached to the policy, the principle employed in the *Shinn* case is not applicable. We do not think the *Shinn* case turned on that point, but, recognizing the difference in facts with reference to the application in the two cases, in the light of the rule of law hereinabove discussed, that an assured is not required to entertain the suspicion that the agent of the insurance company has acted carelessly or fraudulently and thereupon to make painstaking examination of the purported statements of fact as appended to the policy, we perceive no reason why a different rule should apply here from that which was applied in the *Shinn* case.

We affirm the judgment of the circuit court.

*Affirmed.*