W. M. LEWIS *v.* STATE AUTOMOBILE MUTUAL INSURANCE COMPANY

(No.7826)

Submitted September 25, 1934. Decided October 2, 1934.

*Thomas West,* for plaintiff in error.
*Fitzpatrick, Brown & Davis* and *Edmund A. Marshall,* for defendant in error.

WOODS, PRESIDENT:

This is an action on a contract of insurance for damages to a certain Auburn automobile, due to theft. Upon the conclusion of the introduction of plaintiff's evidence, the court directed a verdict for the defendant. A writ of error was awarded the plaintiff.

Prior to the law action, the plaintiff had instituted a suit in equity for the purpose of reforming the policy declared on and recovering damages thereunder. A demurrer to the bill having been sustained, the case, on motion of the plaintiff, was transferred to the law side of the court, and a statutory declaration filed. Since no objection was taken to the court's action in the equity suit, and no appeal sought, that phase of the proceeding is not properly before us.

Specifications of defense were filed denying plaintiff's right to maintain his action on the ground that he had, in his application, represented the car to be "New" and the purchase price as "$1,750," when in fact it was a second-hand car, and purchased for $800.00 cash; and, further, that by reason of his acceptance of the policy, he had, under "Schedule of Warranties," specifically warranted such facts to be true.

It appears from plaintiff's evidence that the car was purchased on May 24, 1932, from the Bruce Perry Motor Company, through one Carson, agent, for $800.00 cash. At that time plaintiff informed Carson, "I do not like to drive it without it being insured." The latter replied that he would make the matter right, and called a Mr. Southworth, agent for defendant company, over the 'phone, and told him in effect, in the presence of plaintiff, that he (Carson) was selling Lewis a car, a used 1931 Model Auburn (giving the motor serial number); that Lewis had paid $800.00 cash for it; that it was worth at least $1,350.00 or $1,400.00; and that Lewis desired $1,000.00

insurance on the car. To this conversation the agent replied, "It is covered right now." The foregoing conversation was testified to by Lewis and Carson. Lewis says that he never got the insurance policy personally. A nurse at his hospital says that some man came in one day thereafter and handed her a paper, which she placed in one of the drawers of the doctor's desk. Sometime thereafter Lewis' wife noting that the paper seemed "to be an insurance policy" put it with the doctor's papers. The plaintiff, however, does not remember anything about its delivery. After refusal of the company to recognize claim, he asked his wife to get the policy. Max Hockenberry, an automobile mechanic, who saw the car a few days prior to the theft placed its value at that time at $1,250.00 to $1,300.00. And, according to plaintiff's testimony, the car was not worth more than $350.00 to $400.00 to him after its recovery. It appears that the car was stolen on August 11, 1932, by a band of desperadoes, who used it that same night in a hold-up of a filling station in the neighborhood. The evidence is to the effect that when returned, the top was off, the axles bent, and the car otherwise very badly treated.

It is apparent, in the absence of testimony to the contrary, that the evidence submitted on behalf of plaintiff is sufficient to establish the correctness of the statements regarding the risk, in so far as the insured was concerned. Therefore any error in regard thereto must be charged to the insurer. Code 1931, 33-7-13; *Bays* v. *Fire Ass'n.*, 114 W. Va. 164, 171 S. E. 253. To like effect: *Coles* v. *Insurance Co.*, 41 W. Va. 261, 23 S. E. 732; *Deitz* v. *Insurance Co.*, 31 W. Va. 851, 8 S. E. 616.

But what is the effect of the warranty in the policy to the effect that the car was purchased new at actual cost of $1,750.00? By the terms of the policy the insurer, "in consideration of the premium and statements set forth in the schedule of warranties, which the assured makes and warrants to be true by the acceptance of this policy or the benefits thereof, does, during the term hereof hereby insure Dr. W. M. Lewis," etc. The insurer takes the position that since certain statements set up in the

schedule of warranties regarding the car are not in fact true, plaintiff is estopped from setting up a claim under the policy. It refers to the statement in *Bays* v. *Insurance Co., supra,* that "Ignorance of a provision of one's policy is a very different thing from ignorance of the fact that the company's agent has mis-stated facts furnished him by the assured." And that plaintiff is guilty of laches in not reading the policy sooner and in not sooner seeking relief.

Although it seems to be very generally accepted that the insured cannot escape the effect of the conditions of a policy on the ground of ignorance, due to failure to read his policy, it being his duty to examine it, a number of courts hold that the insured is not necessarily estopped, by receiving and retaining the policy, from setting up a variance between the agreement and the written contract. *McMaster* v. *N. Y. Life Ins. Co.,* 183 U. S. 25, 46 L. Ed. 64; *McElroy* v. *British America Assur. Co.,* 94 Fed. 990; *Rake & Son* v. *Century Fire Ins. Co.,* 148 Iowa 170, 125 N. W. 207; *Dryer* v. *Security Fire. Ins. Co.,* (Iowa) 82 N. W. 494; *Pfiester* v. *Missouri State Life Ins. Co.,* 85 Kan. 97, 116 P. 245; *Kister* v. *Lebanon Mut. Ins. Co.,* 128 Pa. 553, 18 A. 447. The foregoing cases are based on the theory that an applicant for insurance is entitled to assume, in the absence of evidence, that the agent has prepared his application according to the agreement made between them, and that the insurer has written the policy in accordance to the application, and is not chargeable with negligence for failure to examine such instruments to discover errors and omissions.

To permit an insurer to hide behind an express warranty in the contract as to a certain pertinent fact regarding the property insured, would virtually defeat the rule applied in the *Bays* case, wherein we held that the insured had a right to presume that the agent made proper entries in the application, although the policy provided that: "If any false statements are made in said application this policy shall be void." According to the evidence the insured had no knowledge of the agent's mistake or fraud until after the car had been stolen.

In the absence of any testimony to the contrary, the evidence submitted on behalf of the plaintiff, under the rule existing where the court strikes the evidence on motion of the opposite party, is sufficient to support a verdict for the plaintiff. *Estep* v. *Price,* 93 W. Va. 82, 115 S. E. 861.

We therefore reverse the judgment of the trial court, set aside the verdict, and remand the case for a new trial.

*Judgment reversed; verdict set aside; new trial awarded.*