W. M. LEWIS *v.* STATE AUTOMOBILE MUTUAL INSURANCE COMPANY

(No. 8355)

Submitted April 15, 1936. Decided June 9, 1936.

*Wilcox & West,* for plaintiff in error.

*Fitzpatrick, Brown & Davis* and *Edmund A. Marshall,* for defendant in error.

548

WOODS, JUDGE:

This is an action on a contract of insurance for damages to a certain automobile, due to theft. The trial court's action on the first trial of this case in directing a verdict for defendant at conclusion of plaintiff's evidence was reversed by this Court and the case remanded for a new trial. *Lewis* v. *State Automobile Mutual Ins. Co.*, 115 W. Va. 405, 177 S. E. 449. In that case, we held: "Where facts regarding a risk are correctly stated to the agent of an insurance company in an oral application for a policy, and the company makes erroneous insertion of such facts in the warranty in the policy, upon which the same is issued, the company is estopped to assert their falsity as a defense to the policy, in the absence of knowledge of such erroneous insertion on behalf of the insured." On the second trial, the jury, after hearing evidence for both the plaintiff and defendant, returned a verdict in favor of the plaintiff in the amount of $550.00, and on defendant's motion, the trial court set the same aside and awarded a new trial. The plaintiff prosecutes error.

As pointed out in our former opinion the defense was predicated on an alleged breach of "schedule of warranties", wherein plaintiff, by accepting the policy, purported to specifically warrant that the car was "new" and the purchase price, $1,725.00.

The plaintiff's evidence, which is substantially the same as on first trial, is to effect that, after purchase of car, he informed defendant's agent over the 'phone that he had purchased a 1931 Auburn for $800.00 cash; that it was worth from $1,200.00 to $1,300.00; that he wanted $1,000.00 insurance on it; that he was informed that "it is covered right now"; that he never knew that same was not properly inserted in the application and policy until sometime after the damage to the car had been ascertained; and that he never made representations as to kind and purchase price as appears in the policy.

Defendant countered with evidence that its agent was advised over the 'phone that the car was new and pur-

chased for $1,725.00, etc., and that the policy was issued in accordance with such information; that a written application embodying such information was submitted the following morning to defendant for his signature, and that the policy was delivered a day or two thereafter.

The case went to the jury on an instruction, offered by plaintiff, to effect that the falsity of the entry in the policy did not preclude plaintiff unless the jury believed that the former knew before loss of the presence of such warranties; and that plaintiff, in the absence of knowledge to the contrary, had a right to presume that entries were made in accordance with information given over the 'phone.

The points of error relied on to support the action of the trial court in setting aside the verdict and awarding a new trial are (1) the refusal of defendant's instruction, and (2) the insufficiency of the evidence.

The proffered instruction was to the effect that although plaintiff gave proper information, if defendant's agent misunderstood, and with honest misunderstanding, caused the policy to be so written, then there was no contract and verdict should be for defendant. Citing *Meadows* v. *American Eagle Fire Ins. Co.*, 104 W. Va. 580, 140 S. E. 552; and *Johnson* v. *Dixie Fire Ins. Co.*, 108 W. Va. 512, 152 S. E. 11. The situation presented in those cases are not analogous to the instant case. Defendant's position is not tenable under the syllabus hereinbefore quoted from opinion on former writ of error, which is the law of the instant case. If the jury believed the plaintiff's testimony, then defendant, under the decisions, is estopped to say that there was not a meeting of the minds.

While the chain of events may have been unusual, yet there is a direct conflict in the testimony on all material issues, of which the jury were the final arbiters.

The judgment must be reversed, the verdict of the jury reinstated and judgment entered here for the plaintiff.

*Judgment reversed; verdict reinstated; entered.*