JACKIE W. McDONALD

*v.*

BENEFICIAL STANDARD LIFE INS. CO.

(No. 13615)

Decided June 7, 1977.

*Harry R. McCulloh, Charles W. Smith,* for appellant.

*Geary & Geary, James Paul Geary and Dennis V. Di-Benedetto,* for appellee.

HARSHBARGER, JUSTICE:

Beneficial Standard Life Insurance Company brings this appeal from the Circuit Court of Grant County, where a jury found against it and returned a $7,460.00 verdict favoring Jackie W. McDonald. McDonald's suit against Beneficial was inspired by the company's failure to pay him disability benefits after open heart surgery.

The company's defense was that he did not tell its agent that he had heart or blood vessel disease when he applied for the insurance; that it would not have insured him if he had made an accurate disclosure of his medical history; and therefore the policy was fraudulently obtained. The medical history attached to his application was filled out by the agent during an interview with McDonald and then signed by McDonald, who testified he did not read it.

McDonald's evidence was that he told the agent he had for thirteen years visited physicians and on four occasions been hospitalized for chest pains and the physicians always told him his heart was normal.

The controlling West Virginia law is:

> "If the facts regarding the risk are correctly stated to the agent of an insurance company, but erroneously inserted by him in the application, the company is chargeable with his error or mistake. . . ." Syllabus, *Bays v. Farmers' Mutual Fire Association of West Virginia*, 114 W. Va. 164, 171 S.E. 253 (1933).

This has been our rule since the last century and we certainly know of no reason to change it.

And, since the matter was decided by a jury, we add this ancient rule that needs no citation: Neither this Court nor our trial courts will set aside a jury verdict if a case involving conflicting evidence has been fairly tried, unless the verdict is *plainly* contrary to the great weight of the evidence or is *plainly* without evidence to support it.

Our review of the record reveals to us abundant evidence to support the verdict.

But it also discloses disturbing comments to the jury by the trial judge about the evidence. For example, he discussed McDonald's professed lack of knowledge of McDonald's blood vessel or heart disease, despite the history of hospitalization and physicians' examinations

prompted by complaints about chest pains. The judge stated:

> "It is not uncommon that doctors do not tell other patients all that is contained in medical records and I myself do not know even now what they have up on me, except what the doctor told me. If he didn't tell it all, then there is something else more there. The application does say that he gave this information to the best of his knowledge and information. This is my ruling."

The paramount function of the trial judge is to conduct trials fairly and to maintain an atmosphere of impartiality. That is why both common sense and our law demand that trial judges refrain from making prejudicial remarks in the presence of the jury. *Stenger v. Hope Natural Gas Co.*, 141 W. Va. 347, 90 S.E.2d 261 (1956). It is improper for a judge to express verbally or by conduct an opinion on questions of fact, or to indicate in any manner to the jury his personal views on the credibility of the witness or the weight of the evidence. *See, Ellison v. Wood & Bush Co.*, 153 W. Va. 506, 170 S.E.2d 321 (1969); *Nash v. Fidelity-Phenix Fire Ins. Co.*, 106 W. Va. 672, 146 S.E. 726 (1929); *Dye v. Rathbone*, 102 W. Va. 386, 135 S.E. 274 (1926); and *Kinney v. Town of West Union*, 79 W. Va. 463, 91 S.E. 260 (1917).

There are a few other instances of this type of improper judicial comment revealed by the record; but we believe they were not sufficiently pervasive in the trial to warrant reversal. *Lester v. Rose*, 147 W. Va. 575, 130 S.E.2d 80 (1963).

We therefore affirm the judgment below.

*Judgment affirmed.*