**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**George Mac Wilson,**
**Plaintiff Below, Petitioner**

**vs.) No. 20-0484** (Webster County No. CC-51-2018-C-9)

**Bobby Cogar,**
**Defendant Below, Respondent**

## MEMORANDUM DECISION

Petitioner George Mac Wilson, the plaintiff below, appeals the May 27, 2020, order of the Circuit Court of Webster County that entered judgment on a jury verdict in favor of the respondent and defendant below, Bobby Cogar. Petitioner appears by counsel Daniel K. Armstrong, who filed a petition and an appendix record. Respondent does not appear on appeal.

The Court has considered petitioner's brief and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the brief, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On March 12, 2020, the parties tried their case before a jury. Petitioner was represented by counsel. Respondent was self-represented. As best as we can discern from the limited record on appeal, petitioner and respondent possess adjoining lots of land in Webster County. This appeal concerns respondent's right to use a right-of-way that crosses a corner of petitioner's land and provides access to an adjacent tract of land (the "adjacent tract"). Respondent lives on the adjacent tract; however, the tract is owned by respondent's mother and grandmother.[1]

At the trial in this matter, petitioner testified as follows: He purchased his land in 2008 and, at that time, saw no road or any path crossing his land to the adjacent tract. Nevertheless, in 2013, petitioner drew up a written agreement giving respondent permission "to cross my property at the top of the hill, on the northeast side, near the farm road intersection" so that respondent could access the adjacent tract. The agreement provided that petitioner reserved the right to revoke the permission at any time. Both petitioner and respondent signed this agreement. Petitioner stated

---

[1] Below, respondent testified that he has his mother's and grandmother's "permission to be on [the adjacent tract] at any time." At the close of evidence, the circuit court expressed displeasure with petitioner's decision to not bring respondent's mother and grandmother, as the owners of the adjacent tract, into the case or to call them as witnesses at trial.

that he anticipated respondent would use the right-of-way designated in the written agreement to access the adjacent tract for occasional farming only. However, by 2017, petitioner noticed that respondent was allowing other individuals to use the right-of-way to haul trucks, campers, and off-road vehicles across petitioner's land to the adjacent tract. Petitioner testified that he therefore terminated respondent's permission to cross his land and began to construct a barricade across the right-of-way. However, respondent promptly removed the barricade and continued using the right-of-way. Thereafter, petitioner filed the instant action against respondent.

Respondent, who was self-represented at trial, testified that he thought that the written agreement between the parties permitted him to cross petitioner's land to access the adjacent tract. Respondent said he did not understand that the agreement applied only to the right-of-way over the corner of petitioner's land which he used to access the adjacent tract. Respondent further testified that he was fifty-six years old, and that the right-of-way was there and in use to access the adjoining tract "my whole life."

Other witnesses offered by respondent said the right-of-way across petitioner's land has been used for decades to access the adjacent tract. One such witness, a former law enforcement officer with the Division of Natural Resources, testified to using the right-of-way in the early 1980s, at respondent's request, to search for individuals spotlighting deer on the adjacent tract. Another witness identified that the right-of-way is the "only access to [the adjacent tract]." Respondent's witnesses generally stated that there has been a road of some sort in the same spot as the right-of-way for generations, and that the right-of-way has always been used to access the adjacent tract.

The jury was given a verdict form that asked: "Do you find by clear and convincing evidence the [respondent] . . . has a right-of-way of ingress and egress to the property he resides on?" After deliberating, the jury returned a verdict answering the question "yes." In an order dated May 27, 2020, the circuit court entered judgment on the jury's verdict and ordered that respondent "has a right of way of ingress and egress across [petitioner's] property to the [adjacent tract]". Petitioner now appeals the circuit court's judgment order.

Petitioner raises four assignments of error on appeal. Petitioner appears to concede that he failed to raise or object to any of those assignments of error below as he asserts plain error for each.

"To trigger application of the 'plain error' doctrine, there must be (1) an error; (2) that is plain; (3) that affects substantial rights; and (4) seriously affects the fairness, integrity, or public reputation of the judicial proceedings." Syl. Pt. 7, *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995). This Court has offered the following guidance for assessing whether a trial court has committed "plain error" that warrants reversal:

> An unpreserved error is deemed plain and affects substantial rights only if the reviewing court finds the lower court skewed the fundamental fairness or basic integrity of the proceedings in some major respect. In clear terms, the plain error rule should be exercised only to avoid a miscarriage of justice. The discretionary authority of this Court invoked by lesser errors should be exercised sparingly and

2

should be reserved for the correction of those few errors that seriously affect the fairness, integrity, or public reputation of the judicial proceedings.

Syl. Pt. 7, *State v. LaRock*, 196 W. Va. 294, 470 S.E.2d 613 (1996).

Petitioner's first assignment of error alleges that the circuit judge was biased in favor of respondent during the trial, and that once the judge's impartiality could reasonably be questioned, he was required to disqualify himself. Petitioner further contends that the judge committed plain error by not recognizing his own partiality and by not disqualifying himself. Petitioner's second and third assignments of error are similar to the first. That is, in his second assignment of error, petitioner contends that the court committed plain error by taking an inappropriately dominant role during the trial that favored respondent. In his third assignment, petitioner avers that plain error occurred when the court questioned witnesses in a biased manner that poisoned the jury against petitioner.

"It is axiomatic that '[a] fair trial in a fair tribunal is a basic requirement of due process.'" *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 876 (2009) (citation omitted). "The paramount function of the trial judge is to conduct trials fairly and to maintain an atmosphere of impartiality." *McDonald v. Beneficial Standard Life Ins. Co.*, 160 W. Va. 396, 398, 235 S.E.2d 367, 368 (1977). It is just as axiomatic that an individual has a fundamental right to self-representation in a civil proceeding, a right which "cannot be arbitrarily or unreasonably denied." Syl. Pt. 1, in part, *Blair v. Maynard*, 174 W. Va. 247, 324 S.E.2d 391 (1984). Petitioner asserts that the court in this case did not merely permit respondent to represent himself but violated the rule "that trial judges should [not] become surrogate attorneys for *pro se* litigants." *Id.* at 252, 324 S.E.2d at 396. Specifically, petitioner points to four occasions where the judge, without any objection by respondent, admonished petitioner's counsel to "rephrase" his questions, and points to another instance where the trial court stated to the jury that petitioner's counsel was "not testifying." As an example of this "admonishment" by the circuit judge, petitioner notes the following exchange that occurred as petitioner was being questioned on direct examination by his counsel, Daniel Grindo, about an exhibit:

Mr. Grindo: . . . Looking at No. 4, now, you'd agree with me that ---

The Court: First of all, rephrase your question.

Mr. Grindo [petitioner's counsel]: Yes, sir.

The Court: You're not testifying, Mr. Grindo.

Mr. Grindo: Yes, sir.

Petitioner also points to an instance where the circuit judge proffered its own hearsay objection to petitioner's testimony. Specifically, the trial transcript shows that during petitioner's testimony, he explained how he learned that respondent had removed a barricade petitioner had placed across the right-of-way. Petitioner testified that "the posts were gone and the postholes were filled in. And the campers that were there said [respondent] . . . took his tractor." At this point the circuit judge interrupted, noted petitioner's hearsay statement, and instructed the jury to disregard that hearsay testimony. Finally, petitioner contends that the circuit judge overruled "nearly every

3

one of the objections" made by his counsel, and that the circuit judge effectively directed the examination of one of respondent's witnesses. Petitioner asserts that, cumulatively, the circuit judge erred (1) in becoming an advocate for the respondent before the jury, (2) in failing to recognize that he had lost his impartiality, and (3) in failing to disqualify himself.

We have examined the trial record and find no error by the circuit judge. When a case is being tried by a self-represented litigant, "[t]he fundamental tenet that the rules of procedure should work to do substantial justice . . . commands that judges painstakingly strive to [e]nsure that no person's cause or defense is defeated solely by reason of their unfamiliarity with procedural or evidentiary rules." *Id.* at 252–53, 324 S.E.2d 396. "The court should strive . . . to ensure that the diligent *pro se* party does not forfeit any substantial rights by inadvertent omission or mistake. Cases should be decided on the merits, and to that end, justice is served by reasonably accommodating all parties, whether represented by counsel or not." *Id*.

Moreover, "[t]he plain language of Rule 614(b) of the West Virginia Rules of Evidence authorizes trial courts to question witnesses – provided that such questioning is done in an impartial manner so as to not prejudice the parties." Syl. Pt. 3, *State v. Farmer*, 200 W. Va. 507, 490 S.E.2d 326 (1997). "In asking questions, the judge must sedulously avoid all appearances of advocacy as to those questions which are ultimately to be submitted to the jury." *Herbert J. Thomas Mem'l Hosp. Ass'n v. Nutter*, 238 W. Va. 375, 392, 795 S.E.2d 530, 547 (2016) (citation and quotation omitted). The rulings of this Court are clear, however, that a judge's questions are a matter of discretion, and we afford judges wide latitude when reviewing issues of discretion. As we said in Syllabus Point 1, in part, of *Farmer*, "[a] trial court must exercise its sound discretion when questioning a witness pursuant to Rule 614(b) of the West Virginia Rules of Evidence. This Court will review a trial court's questioning of a witness under the abuse of discretion standard."

On the record before us, we cannot say that the circuit judge was biased for or against either party. The questions proffered by the judge to witnesses, and the guidance given to both petitioner's counsel and the self-represented respondent, all appear to have been directed toward ensuring that the jury decided the case on the merits. We find nothing in the record on appeal to support a conclusion that the judge's questions, in form or number, were an abuse of discretion. Moreover, we cannot say that any plain error occurred that undermined the fundamental fairness or basic integrity of the jury's verdict.

Petitioner's fourth and final assignment of error is that the circuit court plainly erred when it refused to allow petitioner to introduce evidence of access points to respondent's property other than the right-of-way across petitioner's land at issue in this case. Petitioner suggests that the jury's verdict which established respondent's use of the right-of-way was based on Syllabus Point 4 of *Cobb v. Daugherty*, 225 W. Va. 435, 693 S.E.2d 800 (2010), which provides:

> To establish an easement implied by necessity (which in West Virginia is called a "way of necessity"), a party must prove four elements: (1) prior common ownership of the dominant and servient estates; (2) severance (that is, a conveyance of the dominant and/or servient estates to another); (3) at the time of the severance, the easement was strictly necessary for the benefit of either the parcel transferred or the parcel retained; and (4) *a continuing necessity for an easement*.

(Emphasis added). On cross-examination, petitioner's counsel asked one of respondent's witnesses whether she was "aware of any document that affords a right-of-way to anyone across the [respondent's] property[?]" The witness, a relative of the respondent, testified as follows:

> A. No, I'm not. All I can tell you is that . . . my family has lived where they've lived for 100 years . . . And they have always used [the right-of-way] where [respondent] wants to go in and cut the hay and stuff. They've always used that. So I would think it would be grandfathered in.
>
> Q. Okay.
>
> A. *You can't landlock somebody, can you?*
>
> The Court: Ma'am, you can't ask questions.
>
> A. Oh, okay

(Emphasis added).

As we understand petitioner's argument, he appears to contend that there is no continuing need for a right-of-way across his property because there are other ways by which respondent can access the adjacent tract. Petitioner asserts that respondent's witnesses, including his final witness who inappropriately asked whether petitioner could "landlock" the adjacent tract, effectively raised the question of whether other means of access existed. Hence, after the jury was excused at the close of respondent's case, petitioner's counsel told the circuit judge he wished to call petitioner as a rebuttal witness, as follows:

> The Court: Any motions from anybody?
>
> Mr. Grindo: Your Honor . . . I did speak with my client for a minute, and I think that I may want to, I do want to call him as a rebuttal briefly.
>
> The Court: For what?
>
> Mr. Grindo: The issue of there being other access to this property.
>
> The Court: No because I'm not going to instruct the jury on that issue.
>
> Mr. Grindo: Okay.
>
> The Court: I'm going to tell you, I'm not happy with the way this case has been handled from day one.
>
> Mr. Grindo: Yes, sir.
>
> The Court: And I've raised this issue before. [Respondent] is not the owner [of the "adjacent tract"].
>
> Mr. Grindo: No, he's not.

5

The Court: The owners [respondent's mother and grandmother] have not been named parties, although I think they should've been. My verdict form only addresses the issue as to whether [respondent] has the right to use it. I am not litigating the issue of this right-of-way as to the actual property owners. And if they attempt to bring a civil action or it arises as to that, as to the actual property owners, the case will be retried because . . . they should've been made parties to this action.

Mr. Grindo: I understand completely, Judge.

The Court: So, I don't think that . . . being landlocked is an issue for [the] jury in this case.

Mr. Grindo: I agree.

The Court: Okay. So therefore I don't think his testimony needs to be presented.

Mr. Grindo: Yes, sir.

Petitioner now asserts that the circuit judge committed plain error when he refused to allow petitioner to testify in rebuttal.

We generally review a circuit court's decision regarding rebuttal evidence under an abuse of discretion standard, particularly "where the evidence sought to be admitted on rebuttal could have or should have been offered in the case in chief." *Wheeler v. Murphy*, 192 W. Va. 325, 334, 452 S.E.2d 416, 425 (1994). As we recently said in *McClure Management, LLC v. Taylor*, 243 W. Va. 604, 849 S.E.2d 604 (2020),

> [i]t is well-established that "[w]hether a plaintiff will be allowed to introduce further evidence after the evidence in behalf of a defendant is concluded is ordinarily within the discretion of the trial court, and the exercise of such discretion will rarely constitute ground for reversal." Syl. Pt. 10, *Edmiston v. Wilson*, 146 W. Va. 511, 120 S.E.2d 491 (1961).

234 W. Va. at 615, , 849 S.E.2d at 615. Likewise,

> [u]nder Rule 611(a) of the West Virginia Rules of Evidence, a trial court has broad discretion in permitting or excluding the admission of rebuttal testimony, and this Court will not disturb the ruling of a trial court on the admissibility of rebuttal evidence unless there has been an abuse of discretion.

Syl. Pt. 2, *Belcher v. Charleston Area Med. Ctr.*, 188 W. Va. 105, 422 S.E.2d 827 (1992).

Our review of the trial transcript suggests, first, that petitioner could have offered the evidence about other points of access in his case-in-chief but did not do so. Instead, petitioner chose to sit on that evidence and assumed it could be offered on rebuttal. Second, the limited appendix record suggests that the circuit judge pointed out the flaws with petitioner's case before trial began, namely that petitioner failed to sue the proper parties. It appears that petitioner sought to require respondent to access the adjacent tract via other properties, without suing the owners of

6

those other properties or procuring their testimony. Third, petitioner did not object and, in fact, conceded to the circuit court's decision that "being landlocked" was not an issue for the jury in this case. Hence, we examine the circuit court's decision regarding rebuttal witnesses for plain error. On this record, taken as a whole, we do not see the jury's verdict as a miscarriage of justice. Clearly, the circuit court's decision did not seriously affect the "fairness, integrity, or public reputation of the judicial proceedings." *Miller*, 194 W. Va. at 7, 459 S.E.2d at 118, Syl. Pt. 7, in part. We therefore find no plain error.

Accordingly, for the foregoing reasons, we affirm the circuit court's May 27, 2020, judgment order.

Affirmed.


**ISSUED:** September 27, 2021

**CONCURRED:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton